[Civil No. 2067.   Filed May 31, 1923.]

[215 Pac. 166.]

## R. G. McBRIDE and GRACE GERTRUDE Mc-BRIDE, Appellants, v. J. F. McDONALD, S. K. WILLIAMS and INEZ P. WILLIAMS, Appellees.

1. JUDGMENT—JUDGMENT ENTERED AND DOCKETED IN OFFICE OF CLERK OF DISTRICT COURTS OF TERRITORY MAY BE RENEWED BY AFFIDAVIT. In view of the lien of a judgment being preserved by the Constitution, Civil Code of 1913, paragraph 581, providing for renewal by affidavit of any judgment directing the payment of money which has been entered and docketed in the judgment docket in the office of the clerk of any superior court, includes all judgments entered and docketed within five years next preceding its enactment, regardless of whether some of them were in the state and others in the territorial courts.

2. JUDGMENT—AFFIDAVIT OF RENEWAL HELD "ENTITLED AS IN THE ORIGINAL JUDGMENT," THOUGH DESIGNATING COURT AS OF THE "STATE" INSTEAD OF "TERRITORY." — Since, by the Constitution, actions pending in the district territorial courts were preserved and transferred to the superior court of the state, to be there dealt with as though the former had never existed, an affidavit of renewal of a judgment, in which the "superior court of the state" was substituted for "the district court of the second district of the territory," as originally rendered, was in reality, if not technically, "entitled as in the original judgment," as provided in Code of 1913, paragraph 582.

3. JUDGMENT—AFFIDAVIT OF RENEWAL HELD SUFFICIENTLY VERIFIED. An affidavit of renewal, which stated the facts, Civil Code of 1913, paragraph 582, provides such affidavit shall contain, and which was subscribed and sworn to before a proper notary *held* sufficient, though not confirmed in a separate affidavit, verified positively by the person making it, and not on information and belief.

APPEAL from a judgment of the Superior Court of the County of Cochise.   A. M. Sames, Judge.   Affirmed.

See 23 Cyc. 1439, 1447.

Mr. W. G. Gilmore, for Appellants.

Mr. Alexander Murry, for Appellees.

McALISTER, C. J.—R. G. McBride and Grace Gertrude McBride, his wife, plaintiffs below, appeal from an order modifying a temporary injunction prohibiting the sale of 321.17 acres of land belonging to the latter by releasing from its operation and permitting to be sold by appellees, J. F. McDonald, sheriff, S. K. Williams, and Inez Williams, 160 acres thereof for the purpose of satisfying a judgment for $1,217.40 against said Grace Gertrude McBride in favor of appellees, S. K. Williams and Inez Williams. The remaining 161.17 acres having been filed on as a homestead before the day of sale, the restraining order was made permanent as to it.

The judgment was rendered in the district court of the second judicial district of the territory of Arizona, in and for the county of Cochise, on June 25, 1909, and within ninety days of the expiration of five years from that time, to wit, on May 22, 1914, appellees filed in the office of the clerk of the superior court of Cochise county, Arizona, their affidavit for its renewal; and on May 10, 1919, they filed in the same court their affidavit for its second renewal.

The basis of the assignments is the alleged insufficiency of these affidavits of renewal, though it is first urged that the statute does not provide for the renewal by affidavit of a judgment rendered in the district court of the territory of Arizona. This claim is based upon the provisions of paragraphs 580 and 581 of the Civil Code of 1913, the first of which provides for the renewal by action of "any judgment rendered . . . of this state or of the territory of Arizona," and the second for the renewal by affidavit of—

"any judgment directing in whole or in part the payment of money which has been heretofore, or may hereafter, be duly entered and docketed in the judgment docket in the office of the clerk of any superior court of this state, whether said judgment was originally rendered by the court in whose clerk's office the same is entered, or whether entered upon a transcript of judgment from any other county in the state, or upon a certified transcript of the docket entry of a judgment or decree of any district court of the United States, within the state of Arizona, or entered upon a certified transcript of the judgment of a justice of the peace."

Since by the wording of these sections any judgment rendered in any court of the state or territory of Arizona may be renewed by action and only those directing the payment of money, which have been entered and docketed in the office of the clerk of a superior court of this state may be renewed by affidavit, appellant contends that no judgment entered and docketed in the office of a clerk of the district court of the territory may be so renewed. It is true section 581 contains no specific mention of judgments entered and docketed in the territorial courts, but it is evident that they were included in the reference to those which had been theretofore entered and docketed in the office of the clerk of any superior court of the state. When this statute was enacted in 1913, Arizona had been a state but little more than a year, and to hold that that portion of it permitting the renewal by affidavit of judgments which had been theretofore entered and docketed applies only to judgments entered and docketed after statehood means that the five-year period in which said judgments might be renewed was shortened to something over a year, so far as judgments entered and docketed in the state courts were concerned, and consequently that it had no existence at all so far as its terms included those judgments entered and docketed in the

25 Ariz.—14

last three years and over of territorial government but within the five years next preceding the enactment of this statute. The evident purpose of this provision was to place judgments rendered by the territorial and state courts upon the same footing, since to have given the holders of the latter the right to renew by affidavit and denied it to the holders of the former would have been unjust and discriminative; and, in view of the fact that the statute specially applies to judgments theretofore entered and docketed there is no reason why it should not be held to include all those entered and docketed within the five years, next preceding its enactment, regardless of the fact that some of them were in the state and others in the territorial courts.

In fact, it might be seriously questioned whether an act making such a distinction would not contravene the fundamental law, since it was clearly the purpose of the framers of that instrument to preserve every right, action, suit, proceeding, etc., then pending, by transferring them to the jurisdiction of the superior courts of the state; and, while the right to renew judgments by affidavit did not then exist, yet the cause itself, due to the fact that the judgment had not been paid, was still pending, and any method of renewing the latter, whether in existence at the time of statehood or created afterwards, applied to judgments whose lien was preserved by the Constitution, if they were yet within the five-year period, as well as to those entered and docketed subsequent to statehood. The records in the case, including the judgment, after going into possession of the superior court, which superseded the territorial courts for practically all intents and purposes, were just as much the records of that court and as subject to its jurisdiction as though they had been made there originally, and therefore the reference in 581 to the

superior courts, which controlled these causes and enforced their judgments, as though the former had been filed and the latter entered there originally, includes the district courts of the territory.

This view disposes also of the first assignment based upon the alleged insufficiency of the affidavit of renewal, which is the failure to entitle it in the manner required by paragraph 582 of the 1913 Code, providing that the judgment creditor or his representative, for the purpose of renewing his judgment, may "make an affidavit, entitled as in the original judgment." As originally rendered it was entitled:

"In the District Court of the Second Judicial District in the Territory of Arizona, in and for the County of Cochise. S. K. Williams and Inez P. Williams, Plaintiffs, v. Grace Gertrude Bennett, Defendant."

But the affidavits of renewal were entitled thus:

"In the Superior Court of the State of Arizona, in and for the County of Cochise, S. K. Williams and Inez P. Williams, Plaintiffs, v. Grace Gertrude Bennett, Defendant."

The words "superior court of the state," appearing in the caption of the affidavits, and "district court of the Second judicial district in the territory of Arizona," as used in the entitling portion of the judgment, refer to the same court, the only difference being in name, so far as the rights, actions, suits and proceedings of every kind pending in the latter at the time of statehood are concerned, since these were preserved and transferred by the Constitution to the jurisdiction of the former, to be dealt with by it from statehood on as though the district courts had never existed. Hence the affidavits of renewal are in reality, if not technically, "entitled as in the original judgment."

It is contended further that the second affidavit of renewal is insufficient for the reason that it does not comply with the requirements of paragraph 582, providing that—

"Said affidavit must be verified positively by the person making it, and not on information and belief."

After the caption it begins as follows:

"S. K. Williams and Inez P. Williams, being by me first duly sworn, he, for himself, and she, for herself, and not one for the other, deposes and says."

Then follows a statement of the facts the statute provides an affidavit of renewal shall contain. It is signed by affiants, and after their signatures this language appears:

"Subscribed and sworn to before me this 10th day of May, A. D. 1919. Leonora Pierson, Notary Public, in and for the County of Cochise, State of Arizona."

The seal of the notary is attached and also the date of the expiration of her commission.

It is the appellants' position, as we gather it, that this affidavit should have been verified; that is, that its averments made under oath should have been confirmed in a separate affidavit. This could only mean that they should have been sworn to a second time, but it is not apparent how the facts composing an affidavit can be aided or made stronger by compelling the affiant to swear to them twice. It is true the language of the statute is that "said affidavit must be verified positively by the person making it, and not on information and belief," but this means merely that the affidavit, which in reality is a complaint for renewal, shall be sworn to positively and not on information and belief, and these requirements are complied with by this affidavit. It is made up of direct, positive statements, the truth of which is based upon the personal knowledge of the affiants, or at

least such is the presumption, in the absence of anything to the contrary. Hence, to require affiants to make a separate affidavit stating that the facts appearing in the affidavit of renewal are true of their own knowledge is to hold of no avail the fact that they have already been sworn to positively and not on information and belief. If the verification contended for by appellants contained any material facts not already sworn to in this manner, there might have been a purpose for it to serve, but having taken an oath, that is, "appealed to God to regard the truth of the words they swore to, and punish them if they utter falsehood" (29 Cyc. 1297), there was nothing further affiants could do to make more certain the truth of the statements they had already made positively from their own personal knowledge.

The judgment is affirmed.

ROSS and LYMAN, JJ., concur.