540 P.2d 1269

**Julian F. WELTSCH, Appellant,**

**v.**

**Alan T. O'BRIEN and Barbara O'Brien, Appellees.**

**No. 1 CA–CIV 2667.**

Court of Appeals of Arizona,
Division 1,
Department B.

Oct. 7, 1975.

Rehearing Denied Dec. 18, 1975.
See —— P.2d ——.
Review Denied Jan. 20, 1976.

Renaud, Cook, Miller & Cordova, P.A., by Joseph B. Miller, Phoenix, for appellant.

Stuart Herzog, Tucson, for appellees.

OPINION

JACOBSON, Presiding Judge.

The sole issue to be determined on this appeal is the validity of a renewal of a judgment under A.R.S. § 12–1612.

This issue arose out of a suit brought by plaintiffs-appellees Alan T. O'Brien and Barbara O'Brien, against defendant-appellant Julian F. Weltsch, for wrongful garnishment. The trial court, on cross motions for summary judgment, entered judgment on liability only in favor of the plaintiffs and after appropriate findings under Rule 54(b), Rules of Civil Procedure, 16 A.R.S., the defendant has appealed.

The facts giving rise to this litigation are not in dispute. On May 23, 1966, Palmer Industries, Inc., obtained a judgment against the plaintiffs in the sum of $1,223.-20. Prior to December 6, 1967, Oscar C. Palmer and Corinne E. Palmer were the owners of all the outstanding capital stock of Palmer Industries, Inc. On that date, the Palmers entered into an agreement with AMXCO, Inc., a Texas corporation to sell all of their stock in Palmer Industries to AMXCO. This agreement, insofar as pertinent to the issues presented here, provided:

"§ 6.01 — *Sale of Accounts Receivable.* Notwithstanding any other provisions of this agreement, it is understood and agreed that, on the closing date, sellers [the Palmers] will purchase from the company [Palmer Industries, Inc.] all of the accounts receivable of the company then outstanding for a cash sum equal to the aggregate of such accounts receivable on the closing date as reflected on the books of the company.

"§ 6.03 — *Collection of Accounts Receivable.* AMXCO will cause the company [Palmer Industries, Inc.] to use its best efforts to collect such accounts receivable of the company to be purchased by sellers [the Palmers] . . . ."

It is agreed that the judgment obtained by Palmer Industries, Inc. against the plaintiff is covered by this provision of the agreement. On May 12, 1971, the defendant, as attorney for Palmer Industries, Inc., filed a judgment renewal affidavit affecting the Palmer Industries, Inc.-O'Brien judgment pursuant to A.R.S. § 12–1611 et seq. A.R.S. § 12–1612 (b)(1) (1956) insofar as pertinent hereto provides:

"B. The judgment creditor, his personal representative or assignee may within ninety days preceding the expiration of five years from the date of the judgment, make an affidavit, entitled as in the action setting forth:

"1. The names of the parties, the name of the court in which docketed, if recorded the name of the county in which recorded, the date and amount of the judgment, *the number and page of the docket in which entered by the clerk of the court,* if recorded, the number and page of the book in which recorded by the county recorder, *the name of the owner of the judgment,* and his source and succession of title, if not the judgment creditor."  (emphasis added)

It is admitted that the affidavit filed by the defendant did not list the number and page of the Clerk's docket, but having been recorded, did contain the Maricopa County recording information. The owner of the judgment was shown on the renewal affidavit as Palmer Industries, Inc. The certificate of incorporation and license to do business of Palmer Industries, Inc., was revoked on April 19, 1971, by the Arizona Corporation Commission.

On August 10, 1972, the defendant caused a writ of garnishment to be issued under the Palmer Industries, Inc.-O'Brien judgment against the purported employer of Mr. O'Brien. This employer answered that it was not indebted to the judgment-debtor and no further action was taken by Palmer Industries, Inc. in connection with the writ.

Plaintiffs then filed their wrongful garnishment action on the basis that the previous judgment entered against them had not been renewed because of failure of the

renewal affidavit to contain the clerk's docket and page number, and did not correctly show the true owner of the judgment. As previously indicated, the trial court granted summary judgment in favor of plaintiffs on the issue of liability alone.

The issue of whether the failure to include in the renewal affidavit, the clerk of court's docket and page number as ostensibly required by A.R.S. § 12–1612(B)(1), is, in our opinion, controlled by the case of *Fay v. Harris,* 64 Ariz. 10, 164 P.2d 860 (1945) and the statutory renewal language. In *Fay v. Harris, supra,* the contention was made that the renewal affidavit was invalid because the amount stated as being due on the judgment was incorrect. The court stated:

"It is true that plaintiff failed to show the exact balance due, through the errors in computation which we have mentioned. However, all the items of the judgment appeared, all of the credits were set out, the data appeared on the face of the affidavit, from which the exact balance could be determined. Obviously, the final amount set forth in plaintiff's affidavit as the amount due was not correct, but eliminating the charge for $112 (patently not proper), deducting the credit of $91.95 shown but which was not deducted, and then computing the interest from dates of returns, *the exact balance could be ascertained.*" (emphasis added) 64 Ariz. at 13, 164 P. 2d at 861–62.

■ In our opinion, one of the purposes of A.R.S. § 12–1611 et seq. is to give notice to the judgment debtor and other interested parties of the identity of the judgment to be renewed. It is further our opinion that under the rationale of *Fay v. Harris* that if this information is capable of being ascertained from the face of the renewal affidavit, the technical omission or errors in the affidavit will not defeat the renewal of the judgment. *See McBride v. McDonald,* 25 Ariz. 207, 215 P. 166 (1923).

■ In the affidavit itself, the names of the parties appear, the civil cause number appears, the date of judgment appears and information as to where the judgment is recorded appears. In our opinion, this information sufficiently identifies the judgment sought to be renewed so as to make the omission of the clerk's docket number and page of no practical significance.

We are bolstered in this belief by the language of the renewal statute itself. A. R.S. § 12–1612(A) (1956) provides:

"A judgment for the payment of money which has been entered and docketed in the civil docket . . . of the . . . superior court . . . *or* recorded with the county recorder, may be renewed by filing an affidavit for renewal with the clerk of the proper court." (emphasis added)

By reason of the disjunctive "or", a literal reading of this statute would indicate that two classes of money judgments may be renewed: (1) those which have been docketed and (2) those which have been recorded. It would thus appear that as to those money judgments which have been recorded, but not docketed,[1] they would still be entitled to renewal, thus making the information as to docketing requirements set forth in A.R.S. § 12–1612(B) superfluous. We therefore hold that the failure to include in the renewal affidavit information as to the book and page of the clerk's docket in which the judgment sought to be renewed appears was not fatal and does not affect the validity of the renewal.

■ The second error alleged, failing to properly identify the owner of the judgment, poses a different problem. We previously held that one of the purposes of the renewal affidavit was to identify the judgment sought to be renewed. In our opinion, another purpose is to inform the judgment debtor and interested persons as to the present ownership of that judgment so that payment can be properly made.

1. The court, frankly, is unable to visualize when such a possibility could occur

Since nowhere does the affidavit on its face allege any ownership in someone other than Palmer Industries, Inc., it becomes necessary to ascertain whether legal title to the judgment passed to the Palmers individually by reason of their agreement of sale with AMXCO. We hold that it did not.

■ It is clear that under § 6.01 of the agreement previously quoted, the sellers of the stock (the Palmers individually) agreed to purchase those accounts receivable of Palmer Industries, Inc., in existence at the time of sale. However, it is equally clear under § 6.03 of that agreement that Palmer Industries, Inc. had the obligation to use its best efforts to collect those accounts. In our experience this is a common seller-buyer device to avoid problems inherent in reaching an agreement as to the actual value of outstanding accounts receivable on the sale of a going business. By such a sale, the risk of collecton of such accounts passes to the seller who initially extended the credit giving rise to the account, but the new buyer agrees to undertake the collection thereof. In our opinion, from the language of the document, it was the intent of the parties to use the sale of the accounts receivable to the sellers as a device to shift the credit risk, rather than a device to affect the transfer of ownership. The legal result of such an arrangement is that Palmer Industries, Inc. retained legal title to the accounts receivable for purposes of collection only, while the beneficial interest in those accounts receivable passed to the Palmers individually.

■■ We see nothing in A.R.S. § 12–1612(B) which requires the name of the owner of the beneficial interest in the judgment to appear in the affidavit of renewal. Rather, the only requirement is that "the name of the owner of the judg-ment" be listed. In this case that owner for purposes of collection was Palmer Industries, Inc., whose name appeared in the affidavit. In sum, the renewal affidavit is not invalid for failing to list the Palmers individually as beneficial owners of the judgment in question.

■ We further do not find the fact that the Arizona Corporation Commission revoked Palmer Industries, Inc.'s license to do business in the state of Arizona prior to the filing of the renewal affidavit to be material. Under A.R.S. § 10–364, a corporation's existence continues even after its dissolution for the purposes of winding up its affairs. Moreover, under A.R.S. § 10–365(B) (1956):

"No action or proceeding in which a dissolved corporation is a party at the time of dissolution shall abate or be discontinued by reason of dissolution."

■ We therefore hold that the Palmer Industries, Inc.-O'Brien judgment was properly renewed pursuant to A.R.S. § 12–1611 et seq. on May 21, 1971. It was therefore a valid existing judgment subject to collection by way of garnishment on August 10, 1972, at the time the writ in this matter was issued and executed. It follows then that issuance of the writ of garnishment against Plaintiff O'Brien's employer was not wrongful and did not give rise to a cause of action for wrongful garnishment.

By reason of the foregoing, the judgment of the trial court is reversed and the matter remanded to the trial court with directions to enter judgment in favor of the defendants and dismissing plaintiff's complaint.

EUBANK, J., and HAIRE, Chief Judge, Division 1., concur.