402 So.2d 24 (1981)
EXECUTIVE CENTERS OF AMERICA, INC., Appellant,
v.
DURABILITY SEATING & INTERIORS, INCORPORATED, Appellee.
No. 80-1339.
District Court of Appeal of Florida, Third District.
July 7, 1981.
Rehearing Denied September 1, 1981.
*25 Holland & Knight and Thomas K. Equels, Coral Gables, for appellant.
Daniel P. Tunick, Miami, for appellee.
Before HUBBART, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
This is another case challenging the award of an attorney's fee pursuant to Section 57.105, Florida Statutes (Supp. 1978) which requires a showing by the prevailing party that there was a complete absence of a justiciable issue of either law or fact raised by the losing party. The trial court entered an order authorizing attorney's fees. By additional orders a motion for rehearing or consideration was denied and a judgment for attorney's fees in the amount of $3,700 was entered in favor of appellee, Durability Seating & Interiors, Inc. This appeal is from the several orders. We reverse.
Executive Centers of America, Inc. (ECA) is the landlord in an industrial complex where Durability Seating and Interiors, Inc. (DSI) is a tenant. ECA brought suit against DSI alleging breach of the lease agreement and fraud in the inducement. Simultaneously ECA filed a motion for temporary restraining order on October 11, 1979 seeking to freeze funds of DSI on deposit with Plaza Bank. Plaza Bank, also a creditor of DSI, on becoming aware of the lawsuit and pending motion accelerated the maturity date on its loan to DSI and offset the balance of the loan against all funds of DSI which Plaza Bank held in checking accounts. The effect of the bank's unexpected action was to render moot ECA's motion for temporary restraining order.
ECA's motion for injunction was noticed for immediate hearing, and an injunction issued on October 19, 1979, conditioned upon ECA executing and filing a bond.[1] Plaza Bank filed an answer saying that it had no property of DSI in its hands, possession or control.
On October 25, 1979, DSI moved to dissolve the injunction. On November 30, 1979, ECA took a voluntary dismissal of the underlying suit for breach of the lease agreement and fraud. On December 13, 1979 the court entered an order terminating the injunction for the reason that "Plaintiff has heretofore filed its voluntary dismissal... ." A subsequent order dated December 17, 1980 purports to also terminate the injunction for the same reason.
On April 29, 1980 the trial court entered its order authorizing attorney's fee pursuant to Section 57.105, Florida Statutes (Supp. 1978), finding that "Defendant was the prevailing party in this cause and ... there was a complete absence of a justiciable issue of either law or fact raised by the Plaintiff ... in the obtainment of the injunction which was subsequently terminated."
An award of attorney's fees under Section 75.105 is justified only if there is a total or absolute lack of justiciable issue. Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980), pet. for rev. denied, 392 So.2d 1373 (Fla. 1980). See also Denes and Denes & Associates, Inc. v. Walter E. Heller & Co. of Florida, Inc., 396 So.2d 760 (Fla. 3d DCA 1981); T.I.E. Communications Inc. v. Toyota Motors Centers, Inc., 391 So.2d 697 *26 (Fla. 3d DCA 1980); Hernandez v. Leiva, 391 So.2d 292 (Fla. 3d DCA 1980).
The court had before it at the hearing on the motion for temporary restraining order, the complaint, an affidavit in support of the motion, and counsel for the respective parties. It was "after argument of counsel for the respective parties," and "on consideration thereof," that the injunction issued.[2] At that stage of the proceedings ECA was the prevailing party and it must be assumed that ECA had demonstrated to the court that it was entitled to the extraordinary relief sought. The record is void of anything to the contrary.
ECA's taking of an involuntary dismissal without prejudice cannot be deemed evidence that the complaint and motion for restraining order are totally devoid of merit. Such a dismissal does not go to the merits of the case. Fla.R.Civ.P., 1.420(a); Randle-Eastern Ambulance Service, Inc. v. Vasta, 360 So.2d 68 (Fla. 1978). Even a voluntary dismissal with prejudice is alone insufficient to support a finding by the court that there is a complete absence of a justiciable issue. Holding a party liable for attorney's fees solely because they bring a law suit and then take a voluntary dismissal would have the deleterious effect of discouraging parties from seeking voluntary dismissals and is not what is contemplated by Section 57.105.
Granting a plaintiff a temporary injunction after a hearing with notice is clearly inconsistent with a finding of total lack of justiciable issue. Further, we reject appellee's contention that for the purpose of determining whether appellant raised a justiciable issue of either law or fact in this civil action, the court should disregard the underlying suit for alleged breach of contract and fraud, and look only to the injunction. If the injunction were wrongfully obtained by ECA resulting in damage to DIS, the remedy is an independent action against the injunction bond. Rice v. White, 147 So.2d 204 (Fla. 1st DCA 1962).
Reversed.
NOTES
[1] The parties disagree as to whether the injunction order was signed before the hearing. It is clear however that it was not filed until afterwards.
[2] Quotes taken from order granting injunction.