### ADCAST v. NOUR
No. 82-1198-SPI2
County Court, Volusia County
September 14, 1982

Michael Van Houten & Ronald A. Nour, for defendant.

Flem K. Whited & Walter Snow, for plaintiff.

NORTON JOSEPHSON, County Judge

THIS CAUSE having come on to be heard on Defendant's GEORGE NOUR, Motion for Attorney Fees and Motion to Tax Costs to Plaintiff, and the Court having heard testimony, argument, and being otherwise fully advised in the premises, the Court states the following:

A. THE FACTS AND CIRCUMSTANCES CONSIDERED BY THE COURT ARE AS FOLLOWS:

1. This lawsuit arises from a dispute in relation to purported commissions due ADCAST, INC. The Plaintiff sued the individual Defendant, GEORGE NOUR d/b/a FANNIE FARKEL'S/AFRICANO. Subsequent to filing the suit but prior to the trial date, the Plaintiff's attorney was informed GEORGE NOUR was a principal in the corporation called Rat, Inc., a Florida corporation, doing business as Fannie Farkel's and Club Afro-Kano. The case was set for trial on July 13, 1982 at 3:00 p.m. Prior to the trial date on July 8, 1982, the attorney for Defendant filed a Motion for attorney fees based on Florida Statute 57.105 which permits the awarding of a reasonable attorney's fee in any civil action which the Court finds that there was a complete absence of judicial issue of either law or fact raised by the losing party. The primary basis of the Defendant's Motion was the fact that the wrong party was sued. On July 13, 1982, the Plaintiff entered its Voluntary Dismissal without prejudice. At no time was any evidence presented by the Plaintiff that would show any liability in relation to the named Defendant. Defendant filed a Motion to Tax Costs to Plaintiff and then noticed for Hearing both the Motion for Attorney Fees and Motion to Tax Costs to Plaintiff. The properly noticed Hearing on the Defendant's Motion was held on August 31, 1982 at 10:00 a.m.

2. Certified copies of the Registration of Fictitious Names filed in the Official Records Book of Volusia County, Florida were presented as evidence showing that Rat, Inc. is the 100% owner of Fannie Farkel's and Club Afro-Kano.

3. Testimony by Ronald Nour at the hearing established that the Plaintiff was placed on notice at the time of taking depositions that George Nour was not a proper or necessary party to this action.

4. Defendant filed Notice of Taking Deposition Duces Tecum on April 21, 1982 requesting that ". . . all documents and things pertaining to the outstanding balance of ADCAST, inc. that forms the basis of this lawsuit and all documents, contracts, and correspondence signed by George Nour, Fannie Farkel's/Africano, and Rat, Inc." The testimony shown in the deposition specifically states that the President of ADCAST, inc., Mr. Benedict, was not in possession of a contract or other documentation that would show George Nour personally liable.

5.   The deposition of Rick Lewis, the account representative for ADCAST, Inc., shows that George Nour was only dealt with in his status as a corporate officer of Rat, Inc.

6.   Expert testimony was provided by R. Michael Kennedy, of the law firm of Kennedy & Hogeboom in relation to general corporate litigation practice and attorney fees.

7.   Mr. Kennedy testified that if in the usual course of filing any suit the proper status of the party must be determined and if the status is unknown, the Plaintiff should check with the Secretary of State to see if there is a corporation involved and with the Clerk of Court to see if a fictitious name is being used.

8.   Mr. Kennedy testified that he had reviewed the file and the amount of work involved with this particular cause and felt that a reasonable attorney's fee would be in the range of $750.00 to $1,000.00.

9.   The attorney for the Defendants argued the case of *Autorico, Inc. v. Government Employees Insurance Company,* 398 So.2d 485 (Fla. 3rd DCA 1981) in support of the Motion for Attorney Fees. This case requires that before a Court may award attorney fees under Section 57.105 Florida Statutes, there must be a finding that there was a complete absence of judicial issue of either law or fact raised.

10.   The court requested argument from Defendant in relation to the case of *Executive Centers of America, Inc. v. Durability Seating & Interiors, Inc.,* 402 So.2d 24 (Fla. 3rd DCA 1981) which set forth the proposition that "Holding a party liable for attorney fees solely because they bring a law suit and then take a voluntary dismissal would have deleterious effect of discouraging parties from seeking voluntary dismissals and is not what is contemplated by statute." The Defendant distinguished the case from the current factual situation by showing the Court that in this case the wrong party had been sued and Plaintiff had been advised during the discovery period even prior to the pretrial hearing of this matter.

B.   HAVING HEARD THE ARGUMENT OF COUNSEL and considered the facts, circumstances, and authority cited herein, this Court makes the following findings:

1.   That the Defendant, GEORGE NOUR, was neither a necessary nor proper party to this suit.

2.   That the Plaintiff had been properly placed on notice during the discovery period that this suit had been brought against the wrong party.

3.   That the Motion requesting attorney fees was filed prior to the conclusion of litigation and was heard by the trial court upon proper notice of all parties.

4.   That there was a complete absence of judicial issue of either law or fact raised against the Defendant, GEORGE NOUR.

5.   That attorney fees are proper pursuant to the requirements of Florida Statute 57.105.

6.   That a reasonable attorney fee for the Defendant having to defend this cause of action is $500.00.

7.   That costs to the Defendant through the date of this judgment are $150.20.

C.   ACCORDINGLY IT IS ORDERED AND ADJUDGED that the Defendant, GEORGE NOUR, recover from the Plaintiff, ADCAST, INC., the sum of $500.00 in attorney fees and $150.20 in costs for a total of $650.20 for which let execution issue.