## SUMMIT GROUP, INC. v. CONSULTANTS TO INDUSTRY, INC.
### Case No. 82-012-AP
Eleventh Judicial Circuit, Appellate Division, Dade County
September 16, 1982

Dennis G. King, for appellant.

William C. Lewis, for appellee.

Before HENDERSON, GODERICH, KOGAN, JJ.

PER CURIAM

REVERSED.

Appellant claims entitlement to attorney's fees pursuant to F.S. 57.105, incurred in defending against appellee's unsuccessful suit for the collection of an employment placement fee.

At trial, Plaintiff called several witnesses but was unable to prove its case. Before judgment was entered, plaintiff took a voluntary dismissal. Thereupon, the trial court entered an order awarding defendant/appellant attorney's fees finding: "A complete absence of fact supporting what was otherwise a legally sufficient claim. The Plaintiff failed to present justiciable issues of fact and that all the evidence produced by the plaintiff was favorable to the defendant."

Upon rehearing, the trial court reversed itself, apparently on the authority of *Executive Centers of America, Inc. v. Durability Seating*, 402 So.2d 24 (Fla. 3rd DCA 1981).[1]

[1] There is no record of the proceedings at the rehearing, nor is there a written order.

We reverse, in the belief that the court in *Executive Centers of America, Inc. v. Durability Seating*, 402 So.2d 24 (Fla. 3rd DCA 1981) did not intend that a fee should not be awarded to defendant whenever a plaintiff takes a voluntary dismissal. It simply held that a voluntary dismissal does not ipso facto mean the plaintiff's lawsuit was without merit. If, at the point the voluntary dismissal is entered, there is a basis for determining that no justiciable issue of fact exists, the trial court can so find and award attorney's fees to the defendant.

As that is the case here, we reverse with directions to reinstate the award of attorney's fees.

