502 So.2d 1003 (1987)
XEROX CORPORATION, Appellant,
v.
Mohammed Ali SHARIFI, d/b/a King Kopy Printing, Appellee.
No. 86-299.
District Court of Appeal of Florida, Fifth District.
February 19, 1987.
*1004 Charles L. Weissing, of Kass, Hodges & Massari, Tampa, for appellant.
Harvey M. Alper of Massey, Alper & Walden, P.A., Altamonte Springs, for appellee.
UPCHURCH, Chief Judge.
Xerox Corporation brought a suit to recover on a contract. Prior to a hearing on a motion for summary judgment, Xerox discovered a technical error in its complaint (failure to attach the proper price list which was part of the contract) and elected to voluntarily dismiss under Florida Rule of Civil Procedure 1.420. Sharifi applied for and was awarded attorney's fees under section 57.105, Florida Statutes (1985). This appeal is from the order awarding attorney's fees. We reverse.
To justify an award under section 57.105, the trial court must find that the action is frivolous, that is, that the action is so devoid of merit both on the facts and the law as to be completely untenable. Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla. 1982); Allen v. Estate of Dutten, 384 So.2d 171 (Fla. 5th DCA), rev. denied, 392 So.2d 1373 (Fla. 1980). A frivolous action is not merely one that is likely to be unsuccessful. Instead, like a frivolous appeal:
It is one that is so readily recognizable as devoid of merit on the face of the record that there is little, if any, prospect that it can succeed. It must be one so clearly untenable, or the insufficiency of which is so manifest on a bare inspection of the record ... that it character may be determined without argument or research.
Whitten, 410 So.2d at 505; Allen, 384 So.2d at 175. Merely losing, either on the pleadings or by summary judgment, is not enough to invoke the operation of the statute. Whitten, 410 So.2d at 506; Allen, 384 So.2d at 175.
In the present case, Xerox voluntarily dismissed its action against Sharifi. Since it does not go to the merits of the case, a voluntary dismissal by itself will not support an award of attorney's fees under section 57.105. Executive Centers of America, Inc. v. Durability Seating, 402 So.2d 24 (Fla. 3d DCA 1981). Rather the award must be based on a finding of a complete absence of a justiciable issue of either law or fact. Merrill Enterprises, Inc. v. Barkett Oil Co. of Florida, 421 So.2d 770 (Fla. 4th DCA 1982); Executive Centers of America.
It is obvious that the suit filed by Xerox was not baseless or clearly devoid of merit both on the facts and law as to be untenable. It alleged a contract under which sums were due and owing and which Sharifi conceded that he had failed to pay, certainly not a claim devoid of merit. Fees are not to be awarded under section 57.105 simply because an attorney elects to dismiss as opposed to other procedural avenues which might also be available to him.
REVERSED.
ORFINGER and COWART, JJ., concur.