GOSHORN, Judge.
This appeal concerns the assessment of attorney’s fees against Disposall Inc. (ap *1300 pellant) pursuant to § 57.105, Fla.Stat. (1987).[1] We reverse.
Disposall, Inc. filed suit against Robert D. Wilson (appellee) alleging violation of an agreement signed by appellee with appellant’s predecessor, East Colonial Refuse Service, Inc. It is uncontroverted that appellant’s correct name is and was “Disposall, Inc. of Orlando”. As soon as the error was discovered, and before appel-lee filed its answer, appellant filed an amended complaint and request for temporary injunction setting forth its correct name. Objecting to the amended complaint and motion, appellee claimed appellant was improperly attempting to substitute plaintiffs. The trial court agreed, dismissing the complaint.[2]
Appellee then moved for an assessment of attorney’s fees under § 57.105, Fla.Stat. In granting the motion, the court stated:
And I also believe ... that circuit court, [and] judges ... should not accept sloppy practice so I will hold that [the] attorneys are responsible in this issue. Attorney’s fees should be awarded.
While wholeheartedly endorsing the concept that courts and judges should not accept sloppy practices, we cannot agree that this alone entitles appellee to recover attorney fees under § 57.105. Entitlement to fees under that statute may only be predicated upon a proper finding by the trial court of the complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party. Xerox Corporation v. Sharifi, 502 So.2d 1003 (Fla. 5th DCA 1987). See also, Whitten v. Progressive Casualty Ins. Co., 410 So.2d 501 (Fla.1982); Allen v. Estate of Dutton, 384 So.2d 171 (Fla. 5th DCA 1980), rev. denied, 392 So.2d 1373 (Fla.1980). No such finding was made in this case. See Executive Center of America, Inc. v. Durability Seating, 402 So.2d 24 (Fla. 3d DCA 1981). Likewise, an award of attorneys fees under § 57.105 may not be grounded solely on a technical error. See Xerox, supra.
Accordingly, the judgment is reversed.
ORFINGER and COWART, JJ., concur.

. Attorney’s fee. — The court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the losing party and the losing party’s attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party’s attorney is not personally responsible if he had acted in good faith, based on the representations of his client.

. While not an issue in this appeal, the dismissal was improper because the attempt to correct the plaintiff's name in the pleading should have been allowed under Fla.R.Civ.P. 1.190. Such correction did not involve a substitution of parties as provided for in Fla.R.Civ.P. 1.260. Rather, the party remained the same, only a correction of its name was attempted.