## THE COLONY II ASSOCIATES, LTD. v CROCKI And All Others In Possession

### Case No. SC-89-9659-RD

County Court, Palm Beach County

September 7, 1989

### APPEARANCES OF COUNSEL

**Marc Alan LeBlanc,** Wiseheart & Joyce, P.A., for plaintiff.
**Michael S. Bendell,** for defendant.

### OPINION OF THE COURT

DAVID C. CLARK, County Judge.

*ORDER DENYING DEFENDANT'S MOTION TO TAX ATTORNEYS' FEES*

THIS CAUSE came before the Court on August 28, 1989, upon Defendant's Motion to Tax Attorneys' Fees and the Court having reviewed all matters appearing of record and having heard the arguments presented by counsel for the respective parties and being other-

wise fully advised in the premises, makes the following Findings of Fact pertaining to this matter:

## FINDINGS OF FACT

1. On or about July 1, 1988, Plaintiff, THE COLONY II ASSOCIATES, LTD. d/b/a THE VININGS AT TOWN PLACE, entered into a written lease agreement, as Lessor, with Defendant, TERESA CROCKI, as Lessee, with respect to the residential premises known as 21481 Town Lakes Drive, Building 5, Apartment 33, Boca Raton, Florida.

2. The lease agreement was for a full year and was not to expire until June 30, 1989.

3. At an exact time unknown but, according to the Defendant, on "or about" June 1, 1989, Defendant vacated the premises. Defendant *claims* to have orally advised some unknown person or persons in the Plaintiff's "front office" that the Defendant was vacating; however, the Court has not been presented with any credible evidence or testimony to support the Defendant's claim in this respect.

4. Whenever the Defendant actually vacated the premises, Defendant failed to deliver the keys to the Plaintiff. Accordingly, Plaintiff was uncertain as to the status of the leased premises and was uncertain as to whether Defendant intended to return.

5. Defendant failed to pay rent when due for the month of June, 1989, and on June 6, 1989, Plaintiff served the Defendant with a statutory three-day notice for non-payment of rent by posting a copy of the notice on the subject premises in the absence of the Defendant. (See Florida Statutes § 83.56(3) and § 83.56(4)).

6. On June 14, 1989, Plaintiff initiated the present litigation by filing its Complaint for Removal of Tenant. The said Complaint sought only possession of the premises and made no demand for a monetary judgment for the rent arrearages. The Court finds specifically that the Plaintiff filed its Complaint in good faith and that the action thereby initiated by Plaintiff raised legitimate and justiciable issues.

7. Service of the Plaintiff's Complaint was effected by mailing a copy of the Summons and Complaint to the Defendant at the subject premises and by posting the premises with copies of same after two (2) attempts at personal service of the Defendant. (See Florida Statutes § 48.183).

8. On June 28, 1989, Plaintiff re-examined the premises and found that same appeared to be abandoned. By that time, Defendant had

**139**

been absent for at least three weeks; the rent remained unpaid and Plaintiff had heard nothing further from the Defendant. Plaintiff elected to treat the premises as abandoned and retook possession. No one has suggested that in doing so the Plaintiff acted improperly. See Florida Statutes § 83.59(3)(c).

9. On July 13, 1989, having already obtained possession of the premises, the Plaintiff filed its Notice of Voluntary Dismissal in this action. Since Plaintiff had not received a responsive pleading from the Defendant, Defendant was not served with a copy.

10. On or about July 17, 1989, Defendant filed a Motion to Quash and/or Dismiss.

11. On or about July 24, 1989, Michael S. Bendell, counsel for Defendant, telephoned Marc Alan LeBlanc, counsel for Plaintiff, and inquired as to the status of the case. Mr. LeBlanc advised Mr. Bendell that he did not have the file readily at hand but would contact him the next day with the information sought. On the following day, Mr. LeBlanc telephoned Mr. Bendell and advised that the case had been voluntarily dismissed. Plaintiff's counsel further offered, as a courtesy, to send a "dummy copy" of the Voluntary Dismissal to Mr. Bendell, and did, in fact, mail such a copy to Mr. Bendell on the same day.

12. On July 31, 1989, Defendant filed a Motion to Tax Attorneys' Fees which was heard on by the Court on August 28, 1989. At the time of the hearing, the Defendant called no witnesses. No witness testified as to the reasonableness of any attorney's fees sought. No evidence was presented that Defendant incurred any taxable costs. The Defendant did not appear and no person appeared on Defendant's behalf other than her counsel.

### CONCLUSIONS OF LAW

At first blush, the Defendant's argument why attorneys' fees should be assessed in her favor is superficially plausible. "The Plaintiff voluntarily dismissed this case," as Defendant argues in her Motion to Tax Attorney's fees, "Thus, the Defendant is the prevailing party."

The Court is aware of cases in which defendants against whom Voluntary Dismissal have been taken are deemed to be the "prevailing parties." A close reading of those cases, however, indicates that in each such case the plaintiff initiated its action with a specific stated goal such as the issuance of an injunction, the entry of a monetary judgment, or the foreclosure of a mechanic's lien or a lien for unpaid condominium maintenance fees, and that the plaintiff, by voluntarily dismissing its action, thereafter abandoned, at least temporarily, its

140

hope of achieving its stated objective. The instant case, by contrast, is an action by a landlord *solely for possession* of rental property. All parties agree that at the time the Plaintiff voluntarily dismissed its action, the Defendant had vacated and the Plaintiff had *already obtained possession* of the premises as demanded in the Plaintiff's Complaint. The filing of a Voluntary Dismissal by the landlord under such circumstances does not evidence the landlord's abandoning hope of obtaining the objective initially sought but instead simply reflects recognition on the part of the landlord that, having *already obtained that objective, pendente lite,* further litigation would be unnecessary, meaningless and moot.

The Court concludes that the rule which is applicable to the facts of this case is that where a landlord files an action for possession of rental property and the tenant subsequently surrenders possession or it is subsequently determined that the tenant has abandoned the premises, the tenant is *not* the "prevailing party," whether the landlord files a Voluntary Dismissal at that time or proceeds to Final Judgment.

The only instance in which the tenant in a possessory action may be properly considered to be the "prevailing party" is when the tenant remains in possession of the subject property at the conclusion of the litigation, as, for example, where Final Judgment for possession is rendered in favor of the tenant and against the landlord. Therefore, in the instant case, the Defendant is simply not the "prevailing party" and is not entitled to attorneys' fees.

The foregoing conclusion is buttressed by an examination of the statute upon which the Defendant relies, namely, Florida Statutes § 83.48. That statute provides:

> In any civil action brought to enforce the provisions of a rental agreement or this part, the party in whose favor a *judgment or decree* has been rendered *may* recover reasonable court costs, including attorneys' fees, from the non-prevailing party. (Emphasis supplied).

As indicated by the italicized portion of the foregoing statutory language, "a judgment or decree" must be rendered in favor of a party before that party may recover reasonable court costs or attorneys' fees under Florida Statutes § 83.48. No judgment or decree was ever rendered in favor of the Defendant and therefore the Defendant has not met the requirements to be considered for an award of attorney's fees pursuant to the statute upon which she relies. Moreover, the court notes that the statutory language is, in any event, permissive rather than mandatory in that it employs the word "may" rather than

**141**

"shall." The use of the word "may" implies that the court should exercise its sound discretion as to whether to award attorneys' fees even where a judgment or decree has been rendered. In the instant case, the Defendant breached her lease by vacating the premises prior to its expiration, failed to deliver the keys to the premises and otherwise failed to clarify the status of the premises or her intentions with the result that the Plaintiff felt obliged to initiate the present proceedings. There has been simply no basis shown why the Court's discretion should be exercised in favor of the Defendant in this case.

Defendant also relies on Florida Statutes § 57.105; however, her contentions in this respect are also without merit. The filing of a Voluntary Dismissal, by itself, is insufficient to award attorneys' fees under Florida Statutes § 57.105. *Executive Centers of America, Inc. v Durability Searing & Interiors, Incorporated,* 402 So.2d 24 (Fla. 3 DCA 1981); *Pollard v Zukoff,* 482 So.2d 399 (Fla. 3 DCA 1985) and *Xerox Corporation v Sharifi,* 502 So.2d 1003 (Fla. 5 DCA 1987). An award of attorneys' fees under Florida Statutes § 57.105 must be based upon a finding by the court of a complete absence of any justiciable issue of either law or fact. *Merrill Enterprises, Inc. v Barkett Oil of Florida,* 421 So.2d 770 (Fla. 4 DCA 1982). As indicated above, the court finds in this case that the Plaintiff filed its Complaint in good faith and that the action thereby initiated raised legitimate and justiciable issues. Indeed, it is the Defendant's filings in this case and not the Plaintiff's which present no "justiciable issue of either law or fact."

Finally, even if the Defendant were the "prevailing party" in this case, which she is not, or even if a "judgment" or "decree" had been entered in her favor, which it has not, or even if there were equitable reasons to award attorneys' fees in her favor, which there are not, Defendant's application for an award of attorneys' fees would fail for yet another reason: no evidence. As indicated above, the Defendant's counsel appeared at the hearing on the Defendant's Motion to Tax Attorneys' Fees without any witnesses at all. No live testimony was presented or proffered as to the reasonableness of attorneys' fees sought. No evidence; no award.

Summarizing, the applicable principles of law which govern this case are as follows:

1. The party against whom a Voluntary Dismissal is taken is not necessarily or automatically entitled to an award of attorney's fees.

2. When a landlord files an action for removal of tenant and the tenant subsequently vacates or it is subsequently determined, in good faith, that the tenant has abandoned the premises and the landlord

thereafter files a Notice of Voluntary Dismissal in the proceedings, the tenant is not the "prevailing party" for the purposes of awarding costs or attorneys' fees.

3. Recovery of attorney's fees under Florida Statutes § 83.48 is available only to a party in whose favor a "judgment or decree" has been rendered.

4. The filing of a Voluntary Dismissal, by itself, is insufficient to award attorneys' fees under Florida Statutes § 57.105.

5. No recovery of reasonable attorneys' fees is available where no testimony is presented or proffered as to the reasonableness of the fees sought. And based on the foregoing findings of fact and the foregoing conclusions of law, it is

ORDERED AND ADJUDGED that the Defendant's Motion to Tax Attorneys' Fees be, and it is hereby, denied.

DONE AND ORDERED at Delray Beach, Palm Beach County, Florida, this 7th day of September, 1989.