572 So.2d 942 (1990)
EMERSON REALTY GROUP, INC., Appellant,
v.
Thomas SCHANZE, Etc., et al., Appellees.
No. 89-2048.
District Court of Appeal of Florida, Fifth District.
November 29, 1990.
Rehearing Denied January 15, 1991.
*943 Richard Lee Barrett, of Barrett & Chapman, P.A., Orlando, for appellant.
James C. Mize, Jr., Orlando, for appellees.
PER CURIAM.
Emerson Realty Group, Inc. appeals from the trial court's order which denied its motion to amend the pleadings to correct the name of the corporate plaintiff, and its motion to strike as sham pleadings a notice of appearance filed by attorney Ludwig on behalf of the corporate plaintiff, and Ludwig's voluntary dismissal of the lawsuit with prejudice and other relief. Fortunately, we are rarely faced with such a disturbing case. We write to serve notice that we will neither tolerate nor condone such tricky attorney practices in this district.
Emerson commenced this lawsuit in 1986. Its employee, Hoskins, and Emerson sought to collect a real estate commission or recover in quantum meruit, for Hoskin's services in locating and putting together for the defendants (Camp Dresser, and McKee, Inc.) a large parcel of land in northwest Orange County for the county to acquire for construction of a sewer treatment facility. Hoskins filed a voluntary dismissal, but the suit was actively pursued through 1989 by Emerson.
The defendants engaged in extensive discovery and filed numerous pleadings. The cause was set for trial twice. It also went to mediation without success. There could have been no doubt about the true identity of the plaintiff corporation in this case, and it was revealed at oral argument in this court there was, in fact, no doubt.
The defendants' main defense was to establish that Schanze, the person with whom Hoskins dealt, was not their agent, and that Hoskins had performed her services as a "volunteer." They filed a summary judgment motion and a motion for judgment on the pleadings. Both were denied.
On the morning of the second trial date, attorney Ludwig filed a notice of appearance as co-counsel for Emerson Realty, Inc., and a notice of voluntary dismissal with prejudice. This arrived as a complete surprise to the trial judge, and to Attorney Barrett, who had represented Emerson throughout the litigation. Attorney Mize, who represented the defendants throughout, explained that the plaintiff corporation's name had been erroneously set out in the pleadings as "Emerson Realty, Inc." (the Gainesville Emerson), rather than "Emerson Realty Group, Ltd." In fact, there exists a Florida corporation located in Gainesville, Florida, with the name Emerson Realty, Inc.
Mize had subpoenaed the president of the Gainesville corporation for trial. He then contacted the surprised president of the Gainesville corporation and told him he need not obey the subpoena if he would execute an assignment of the cause of action to his clients (the defendants below). Since the Gainesville Emerson corporation had no interest in this lawsuit or claim against Mize's clients, the president executed an assignment of any and all claims the corporation then had against the defendants.
Armed with this assignment only, Mize and his clients retained Attorney Ludwig, to represent the Gainesville corporation. Mize's clients paid Ludwig's fees. Ludwig filed a notice of appearance on behalf of the corporate plaintiff in this lawsuit plus a notice of voluntary dismissal with prejudice.
In fact, the Gainesville Emerson never retained Ludwig in any capacity, and it did not authorize him to file any pleadings in *944 its behalf. Apparently, this was not fully disclosed to the trial judge. Mize argued the trial judge should not let Attorney Barrett correct the pleadings to reflect the proper corporate name of the real plaintiff in this lawsuit because he asserted the Gainesville Emerson was the real plaintiff, and Ludwig represented it. "There is no misnomer here," he said.
The ploy worked. The trial judge professed he was "buffaloed." Mize insisted only Ludwig represented the plaintiff, and since he had dismissed the lawsuit, Barrett had nothing left to correct. The cause was dismissed, and for the second time the defendants below avoided going to trial.
After the trial dust settled and the cold record arrived in this court, it is clear to us this was a simple case of misnomer, which should have been quickly and expeditiously handled. The Gainesville Emerson had nothing to do with the claimed real estate commission at issue, or Hoskins or Orange County. The two corporations were entirely different, and were not related in any way. After three years of litigation and discovery, not one defendant can claim surprise or prejudice. Everyone knew who the real plaintiff in this lawsuit was. A simple amendment to add the additional word "Group" to the plaintiff's corporate name in the pleadings would have sufficed.
A technical error which is patently harmless should be ignored or corrected on motion. See Disposall, Inc. v. Wilson, 547 So.2d 1299 (Fla. 5th DCA 1989); Blea v. Colorado Board of Parole, 779 P.2d 1353 (Colo. 1989); People v. Rome, 158 Cal. App.3d 307, 204 Cal. Rptr. 601 (Cal. App.3d Dist. 1984); Eberbach v. McNabney, 413 N.E.2d 958, 961 (Ind. App.2d Dist. 1980); Tisdale v. Wheeler Brothers Grain Co., Inc., 599 P.2d 1104 (Okl. 1979); Weltsch v. O'Brien, 25 Ariz. App. 50, 540 P.2d 1269 (Ariz. App. 1975), modified, 25 Ariz. App. 551, 545 P.2d 62 (Ariz. App. 1975); Topham v. L.L.B. Corp., 493 S.W.2d 461 (Tenn. 1973). Dismissal is patently improper where the purpose of the proposed amendment is merely to correct the name, and not to substitute a new party. Disposall.
Of more concern to us than the judicial error which occurred below, is the conduct of attorneys Ludwig and Mize. The notice of appearance and voluntary dismissal were sham and frivolous pleadings based on the attorneys' own admissions to us at oral argument and their responses filed to our show cause order issued after the oral argument. They knew they did not represent the real party plaintiff in this cause. They knew the problem was simply one of misnomer  leaving out "Group" from the plaintiff's name in the pleadings. The true identity of Emerson, the real plaintiff, was never in doubt.
Further, Ludwig's and Mize's representation to the trial court that Ludwig was authorized to represent the Gainesville corporation bordered on fraud. Ludwig represented he was authorized to file pleadings on behalf of the Gainesville Emerson. But that corporation's later affidavit in the record shows the Gainesville Emerson never retained Ludwig. It merely assigned its nonexistent cause of action to the defendants.
In their responses, the attorneys argue that they had no duty to advise the plaintiff who to sue nor do they have an affirmative duty to correct errors in their opponent's pleadings. We agree. Michelin Reifenwerke, A.G. v. Roose, 462 So.2d 54 (Fla. 4th DCA 1984), rev. denied, 475 So.2d 696 (Fla. 1985); Walter E. Heller & Co. v. Pointe Sanibel Development Corporation, 392 So.2d 306 (Fla. 3d DCA 1980); Passino v. Sanburn, 190 So.2d 61 (Fla. 3d DCA 1966), cert. denied, 196 So.2d 927 (Fla. 1967). In our view, this argument misses the mark. The violation of professional responsibility which causes us concern is not an alleged duty to the plaintiff, but rather the misrepresentations to the court.
The assignment which Mize obtained from Emerson Realty, Inc. (Gainesville Emerson) purports to assign any and all claims against Camp Dresser and McKee, Inc., Thomas Schanze or Dempsey and Goldsmith, P.A. to Camp Dresser and McKee, Inc. At that point, Gainesville Emerson had no further interest in any claim *945 against the defendants. Despite that, three days later on March 20, 1989, attorney Ludwig filed a notice of appearance as co-counsel of record for Emerson Realty, Inc. (creating the impression that he was appearing as co-counsel with R. Lee Barrett, attorney for the real party in interest, Emerson Realty Group, Inc.) Ludwig then proceeded to file a notice of voluntary dismissal with prejudice on behalf of Gainesville Emerson.
Despite his appearance as "co-counsel" Ludwig made the following representations to the court:
MR. LUDWIG: No your Honor, I represent the one and only Emerson Realty, Inc... . I was retained here by the authority of Don M. Emerson, Jr. who is president of Emerson Realty, Inc., a Florida corporation doing business in Gainesville.
* * * * * *
MR. LUDWIG: No there isn't. Since I'm representing Emerson Realty, Inc. I don't think Lee [Barrett] has any authority to make any motions on behalf of anybody here. Emerson Realty, Inc. is the party plaintiff. I was retained and directed to dismiss this law suit and I have done so.
Based upon an affidavit subsequently given by Don Emerson, Jr., these representations were untrue and both Mize and Ludwig knew them to be untrue. Mr. Emerson's affidavit states:
2. I am president and owner of Emerson Realty, Inc. which has its principal offices in Gainesville, Florida.
* * * * * *
6. Neither I nor anyone associated with Emerson Realty, Inc. of Gainesville have ever authorized Eric E. Ludwig, Esquire or any other attorney to file any pleadings whatsoever on behalf of Emerson Realty, Inc. in connection with the lawsuit referenced herein.
7. Neither Emerson Realty, Inc. of Gainesville nor I individually have ever authorized James C. Mize, Jr., Esquire or Eric W. Ludwig, Esquire to file any papers in Orange County on behalf of or using the name Emerson Realty, Inc. including that certain notice of appearance and notice of voluntary dismissal with prejudice attached hereto and incorporated herein by reference as Exhibits "B" and "C."
8. Eric W. Ludwig does not now nor has he ever represented Emerson Realty, Inc. for any purpose whatsoever in any court in the State of Florida.
These statements are not contested.
What makes this charade all the more frustrating is the fact that both Mize and Ludwig must have known that their tactics would not prevent a court from ultimately reaching the merits of the case and that their actions could only serve to unnecessarily delay an ultimate determination and increase the costs, not only to their opponent, but to their own client. Rule 4-3.2, Rules of Professional Conduct, provides that a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client. Rule 4-3.3, Rules of Professional Conduct, provides in pertinent part:
(a) A lawyer shall not knowingly:
(1) Make a false statement of material fact or law to a tribunal.
In our view the statements and representations by Mize and Ludwig violate the spirit, if not the letter of both of these rules governing professional conduct.
Accordingly, we reverse and remand this cause for further proceedings. We also direct the trial court to assess and impose on Ludwig and Mize, personally, a reasonable attorney fee and costs incurred by the plaintiff after the wrongful dismissal of its lawsuit and this appeal.
REVERSED and REMANDED.
DAUKSCH, W. SHARP and GOSHORN, JJ., concur.