NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RASOOL ADNAN KASHKOOL, *Appellant*,

*v.*

ROSE ANDONYAN and GEORGE ANDONYAN, *Appellees*.

No. 1 CA-CV 14-0268

FILED 3-24-2015

Appeal from the Superior Court in Maricopa County
No. CV2013-006870
The Honorable J. Richard Gama, Judge

**AFFIRMED**

COUNSEL

Rasool Adnan Kashkool, Phoenix
*Appellant in Propria Persona*

Law Office of Kevin F. Finn, Phoenix
By Kevin F. Finn
*Counsel for Appellees*

_____

**MEMORANDUM DECISION**

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Randall M. Howe joined.

_____

**N O R R I S**, Judge:

¶1 Rasool Kashkool appeals from the superior court's order finding that Rose and George Andonyan were entitled to the excess proceeds from a trustee's sale pursuant to Arizona Revised Statutes ("A.R.S.") section 33-812 (2014).[1] On appeal, Kashkool argues the Andonyans were not entitled to the proceeds because they assigned their ownership in two judgments to Thunderbird Collection Specialists and/or its President Steven Kay (collectively, "Thunderbird"). We disagree, and for the reasons stated below, affirm the superior court's order.

**DISCUSSION**

¶2 Rose obtained a judgment against Kashkool on March 31, 2004 in Maricopa County Superior Court Cause No. CV2003-014816 ("816 judgment"), and on June 22, 2006 Rose and George obtained a second judgment against him in Maricopa County Superior Court Cause No. CV2003-018882 ("882 judgment").

¶3 The superior court conducted an evidentiary hearing to determine who owned the judgments and whether the owner(s) had a right to the excess proceeds. Based on the evidence presented, the court found the Andonyans owned the judgments and were entitled to the excess proceeds. We will not disturb the superior court's factual findings unless they are clearly erroneous. *Moore v. Title Ins. Co. of Minn.*, 148 Ariz. 408, 413, 714 P.2d 1303, 1308 (App. 1985).

¶4 On appeal, Kashkool takes issue with the superior court's finding that the Andonyans owned the judgments because they retained Thunderbird to maintain and collect the judgments as their assignee — an arrangement he argues constituted a transfer of ownership. The superior

_____

[1]Although the Arizona Legislature amended certain statutes cited in this decision after the Andonyans originally recorded their judgments, the revisions are immaterial to the resolution of this appeal. Thus, we cite to the current version of these statutes.

court found the agreement between the Andonyans and Thunderbird created a "limited assignment" of their rights to collect and maintain the judgments, but the arrangement never divested the Andonyans of their ownership of the judgments.

¶5 The record amply supports the superior court's findings. George testified he owned the 882 judgment jointly with Rose and neither of them sold or transferred the 882 judgment to Thunderbird. George further explained that even though he was not a party to the 816 judgment, he had assisted Rose in retaining Thunderbird, and she had never sold or transferred her ownership rights in the 816 judgment to it and had only used it to help her collect the judgment. George characterized Thunderbird's role as, "Just collecting the debt. And if they collected anything, they would get paid some percentage." Kay also testified that neither he nor Thunderbird purchased or owned either judgment. Instead, the Andonyans had "just assigned [Thunderbird] a right to maintain and collect those accounts." The parties stipulated Rose would not need to testify since she would give the same account as George and Kay.

¶6 In addition to the evidence summarized above, the March 2009 renewal affidavit listed Rose as Plaintiff and stated "plaintiff is the present owner of this judgment, having been assigned all right, title and interest in said judgment . . . ." Kay signed the affidavit as "assignee for ROSE ANDONYAN."

¶7 Despite this evidence, Kashkool argues that this court's characterization of Kay as Andonyan's "assignee" in a 2013 memorandum decision, *Andonyan v. Kashkool*, 1 CA-CV 12-0064, 2013 WL 123676 at *2, ¶ 7 (App. Jan. 10, 2013) (mem. decision), is conclusive evidence that Rose no longer owned the 816 judgment. We reject this argument. In that appeal, we affirmed an order amending the 816 judgment to reflect the correct outstanding balance after a partial satisfaction. *Id.* at ¶ 9. In so doing, we upheld the propriety of an affidavit of judgment renewal filed by Thunderbird with the superior court, rejecting Kashkool's argument Kay had to be a member of the State Bar of Arizona to file the renewal affidavit. *Id.* at ¶ 7. We stated "Kay was Andonyan's assignee and the affidavit of renewal complied with A.R.S. § 12-1612(B)." *Id.*

¶8 "Assignee" is not defined in the renewal of judgment statute and we did not describe the scope of Rose's assignment in our decision, although we did explain Rose had "contracted with Steve Kay of Thunderbird . . . to collect the remainder of the judgment on her behalf." *Id*. at ¶ 3. *Black's Law Dictionary* defines "assignee" as "[s]omeone to whom

property rights or powers are transferred by another." (10th ed. 2014), *available at* Westlaw BLACKS. *Black's* further explains, however, that:

> Use of the term is so widespread that it is difficult to ascribe positive meaning to it with any specificity. Courts recognize the protean nature of the term and are therefore often forced to look to the intent of the assignor and assignee in making the assignment — rather than to the formality of the use of the term *assignee* — in defining rights and responsibilities.

*Id*.

¶9 *Weltsch v. O'Brien*, 25 Ariz. App. 50, 540 P.2d 1269 (1975), illustrates the importance of the parties' intent in any "assignment." There, a judgment debtor challenged a renewal affidavit for failing to list the judgment's proper owners. *Id*. at 53, 540 P.2d at 1272. In upholding the validity of the affidavit, the court observed that the owners of the judgment had entered into an agreement whereby they transferred legal title to the judgment to a third party for purposes of collection only, and the owners still held their beneficial, or ownership, interest. *Id*. at 54, 540 P.2d at 1273. Here, we are presented with a similar case.

¶10 Accordingly, what Rose and Thunderbird actually intended with respect to the judgment controls the ownership issue. And, as discussed above, they intended for Rose to remain as the owner of the 816 judgment with Thunderbird attempting to collect it on her behalf.

¶11 The renewal of judgment by affidavit statute states, "The judgment creditor or his personal representative or assignee may . . . make and file an affidavit" which "shall renew and revive the judgment to the extent of the balance shown due in the affidavit." A.R.S. § 12-1612(B), (D) (Supp. 2014). Thunderbird—having complied with the renewal of judgment by affidavit statute as limited assignee of Rose—properly renewed the 816 judgment, but in doing so, it did not become the 816 judgment's owner. Thus, because there is substantial evidence to support it, we affirm the superior court's order finding that the Andonyans were the owners of the judgments and entitled to the excess proceeds. *See Moore*, 148 Ariz. at 413, 714 P.2d at 1308.

¶12 Kashkool next argues the 816 judgment is "dead and expired" because it was not renewed and, thus, expired in March 2014. Although the Andonyans assert in their answering brief that the 816 judgment was timely

renewed on March 7, 2014, Kashkool's argument is not properly before us because he did not raise it in the superior court. *See State ex rel. Ariz. Dep't of Econ. Sec. v. Lee*, 217 Ariz. 427, 431, ¶ 22, 175 P.3d 85, 89 (App. 2008) (appellate court will not consider arguments not first presented to superior court).

**¶13**　　　　Finally, Kashkool requests a new trial so he can be awarded punitive damages. That argument is frivolous.

## CONCLUSION

**¶14**　　　　For the foregoing reasons, we affirm the superior court's order finding the Andonyans are the owners of the judgments and are entitled to the trustee's sale excess proceeds. In addition, we agree with the Andonyans that this appeal was frivolous. Kashkool's arguments on appeal were without merit or legal support, and he pursued this appeal without substantial justification or for the purpose of delay or harassment. Therefore, pursuant to A.R.S. § 12-349 (Supp. 2014) and Arizona Rule of Civil Appellate Procedure 25, we grant the Andonyans their reasonable fees and costs on appeal contingent upon their compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama