420 So.2d 323 (1982)
DEPARTMENT OF REVENUE OF the State of Florida, Appellant,
v.
ARGA CO., (Formerly Known As Knowlton Construction Co.), Appellee.
No. 81-637.
District Court of Appeal of Florida, Fourth District.
September 8, 1982.
Rehearing Denied October 28, 1982.
Jim Smith, Atty. Gen., and E. Wilson Crump, II, Asst. Atty. Gen., Tallahassee, for appellant.
Donald A. Orlovsky of McCune, Hiaasen, Crum, Ferris & Gardner, P.A., Fort Lauderdale, for appellee.
HURLEY, Judge.
This appeal challenges an award of attorneys' fees. Since the award is not supported by statute or rule, we reverse.
Arga Co. (Arga) initiated the suit below by filing a complaint for declaratory and injunctive relief. As the litigation progressed into the discovery phase, the trial court repeatedly ordered the Department of Revenue (Department) to furnish more complete and responsive answers to interrogatories. In its third order compelling discovery, the trial court imposed a $200 sanction to reimburse Arga for attorneys' fees incurred as a result of the Department's failure to obey the court's orders. Furthermore, the court put the Department on notice that if it did not comply with the discovery order within sixty days, the court would strike the Department's pleadings and enter a default judgment. The Department still did not comply. Consequently, the court struck the Department's pleadings, entered a default and granted final judgment in favor of Arga. The final judgment reserved jurisdiction to assess court costs.
Next, Arga moved for reimbursement of its attorneys' fees on the theory that the Department had litigated in bad faith. Arga principally relied upon the United States Supreme Court's decision in Roadway Express, Inc. v. Piper, 447 U.S. 752, 100 *324 S.Ct. 2455, 65 L.Ed.2d 488 (1980). The trial court concurred and, relying on Section 86.081, Florida Statutes (1981), Rule 1.380, Fla. R.Civ.P., and Roadway Express, Inc. v. Piper, supra, awarded Arga $27,104.60 in attorneys' fees. The Department appealed.
Section 86.081, Florida Statutes (1981), and Rule 1.380, Fla.R.Civ.P., do not support the trial court's action. Section 86.081 merely provides that "[t]he court may award costs as are equitable." In Harris v. Richard N. Groves Realty, Inc., 315 So.2d 528, 529 (Fla. 4th DCA 1975), we held that "this statute cannot be expanded to include attorneys' fees." Thus, Section 86.081 does not provide an independent basis for the trial court's action. Similarly, Rule 1.380(b)(2)(F), Fla.R.Civ.P., is unavailing. Although it permits a court to "require the party failing to obey the order [compelling discovery] to pay the reasonable expenses caused by the failure that may include attorney's fees," the court in the case at bar had fully utilized the sanctioning powers of the rule when it required the Department to pay $200 in attorneys' fees and, thereafter, struck the Department's pleadings.
The question then is whether the trial court's action is sustainable under the rationale announced in Roadway Express, Inc. v. Piper, supra. There, the United States Supreme Court held that federal courts have inherent power to assess attorneys' fees for bad faith in the conduct of litigation. Although the case was couched in terms of what sanctions may be imposed on lawyers who unreasonably extend court proceedings, it indicated that the same sanction could be imposed on a party who litigated in bad faith. To our knowledge, no Florida appellate court has addressed the question of whether Florida follows the "bad faith" exception to the general rule that a litigant cannot recover his counsel fees.
The Fifth Circuit, however, did address the question in Perkins State Bank v. Connolly, 632 F.2d 1306 (5th Cir.1980). There, the court held:
[Florida does] not accept the federal "bad faith" exception to the American rule. To be sure, the Florida Supreme Court has recognized that a limited right to recover attorney's fees may exist in cases of "fraud or malice":
The right to recover attorneys' fees as part of the costs did not exist at common law. It must be provided by statute or contract. Fraud or malice may modify the rule under circumstances.
This exception has been narrowly interpreted, and seems limited to cases where the fraud or malice is "specific, certain and conclusive." ... More importantly, this exception does not appear to allow attorney's fees as an element of costs.
Id., at 1311-12 (citations omitted). We concur with the foregoing analysis.
Lastly, we note that neither party has sought to justify the award of attorneys' fees under Section 57.105, Florida Statutes (1981). We believe that there is an appreciable distinction between the federal `bad faith' exception and a complete absence of a justiciable issue of either law or fact. Accordingly, we reverse the award of attorneys' fees and remand with instructions to enter a cost judgment consistent with this opinion.
REVERSED and REMANDED.
GLICKSTEIN and DELL, JJ., concur.