561 So.2d 1336 (1990)
Donald MOTZER, et Ux., Appellants,
v.
Anthony TANNER, et Ux., Appellees.
No. 89-1927.
District Court of Appeal of Florida, Fifth District.
May 31, 1990.
*1337 Charles P. Horn, Hawkes & Horn, Crystal River, for appellants.
George A. Routh, Clearwater, for appellees.
DANIEL, Chief Judge.
Donald and Nelly Motzer, the plaintiffs below, appeal a judgment entered against them on the counterclaim filed by Anthony and Marglen Tanner, the defendants below. The Motzers contend that the trial court erred in striking their motion to dismiss the counterclaim and in entering a default and summary judgment against them. We agree and accordingly reverse and remand for further proceedings.
On June 16, 1989, the Motzers filed a complaint against the Tanners for breach of a real estate contract. The Motzers alleged that they had entered into an agreement with the Tanners for the conveyance of real property and that the Tanners had willfully refused to comply with the terms of the contract. On June 29, the Tanners filed an answer denying the relevant allegations. The Tanners also filed a counterclaim which alleged that the Tanners had assigned their interest in a residential lease on the property to the Motzers for $76,000 and that the Motzers had only paid $25,000. Accordingly, the Tanners requested judgment in the amount of $51,000.
The Motzers moved to dismiss the Tanners' counterclaim on the grounds that it was neither a permissive nor a compulsory counterclaim and that a separate action should be filed. The Tanners filed a motion to strike the Motzers' motion to dismiss on the basis that it was a sham pleading. The Tanners asserted that their counterclaim was compulsory and that the Motzers' motion to strike was made solely for the purposes of delay.
After a hearing was held, the trial court entered an order granting the Tanners' motion to strike. The court also entered a default and summary judgment on the merits against the Motzers on the Tanners' counterclaim. Judgment against the Motzers in the amount of $51,000 plus attorney's fees was later entered.
On appeal, the Motzers contend that the trial court erred in striking their motion to dismiss the Tanners' counterclaim as a sham pleading because their motion is not a pleading. We agree.
Florida Rule of Civil Procedure 1.150 provides as follows:

*1338 (a) Motion to Strike. If a party deems any pleading or part thereof filed by another party to be a sham, he may move to strike said pleading or part thereof before the cause is set for trial and the court shall hear said motion, taking evidence of the respective parties, and if the motion is sustained, the pleading to which the motion is directed shall be stricken. Default and summary judgment on the merits may be entered in the discretion of the court or the court may permit additional pleadings to be filed for good cause shown. (emphasis added)
Although commonly employed, the use of the term "pleading" to describe all of the various papers filed in an action is incorrect. "A pleading seeks to frame factual issues for determination. This is the meaning when the term pleading is used in the Rules of Civil Procedure ... Motions are not pleadings." Trawick, Florida Practice and Procedure, § 6-1, p. 65 (1989 ed.) Trawick also notes that motions cannot be directed against other motions. Id. at § 10-2, p. 154. Accordingly, the Tanners' use of a motion to strike the Motzers' motion to dismiss as a sham pleading was improper.
The Motzers also contend that the entry of default and summary judgment without notice was error. Rule 1.500 governs defaults and judgments thereon:
(b) By the Court. When a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by these rules or any applicable statute or any order of court, the court may enter a default against such party; provided that if such party has filed or served any paper in the action, he shall be served with notice of the application for default. (emphasis added)
Here the Motzers filed a "paper" (the motion to dismiss) and therefore they were entitled to notice of any application for default. See Gulf Maintenance & Supply, Inc. v. Barnett Bank, 543 So.2d 813 (Fla. 1st DCA 1989) (although the mere filing of an appearance solely as a delaying tactic is improper, notice of an application for default is nonetheless required once such notice of appearance has been filed); Connecticut General Development Corporation v. Guson, 477 So.2d 665 (Fla. 5th DCA 1985) (defendants, having originally filed an answer which was stricken with leave to amend, were entitled to service of a copy of the plaintiff's motion for default). Since the Motzers did not receive the required notice, we reverse the entry of the default and summary judgment against them.
The Tanners' argument that the judgment can be upheld as a sanction against the Motzers for filing a "sham" motion to dismiss is without merit. The cases relied on by the Tanners involve sanctions for discovery violations. For example, in Mercer v. Raine, 443 So.2d 944 (Fla. 1983), the Florida Supreme Court recognized that the striking of pleadings or the entering of a default for non-compliance with an order compelling discovery is the most severe of all sanctions, which should be employed only in extreme circumstances. However, "a deliberate and contumacious disregard of the court's authority will justify application of this severest of sanctions ... as will bad faith, willful disregard or gross indifference to an order of the court, or conduct which evinces deliberate callousness ..." 443 So.2d at 946. Here the Motzers did not disobey a court order and there is no record evidence of a bad faith or willful disregard of the court's authority. Thus, the judgment in favor of the Tanners cannot be upheld as a sanction.
REVERSED and REMANDED.
GOSHORN and HARRIS, JJ., concur.