666 So.2d 1045 (1996)
Jonathan D. PATSY, Appellant,
v.
Rosanne M. PATSY, Appellee.
No. 94-3112.
District Court of Appeal of Florida, Fourth District.
January 31, 1996.
*1046 William C. Porter of William C. Porter, P.A., Coral Springs, for Michael C. Meisler.
Michael C. Meisler, for appellant.
Gregg H. Glickstein of Schwartz, Gold, Cohen, Zakarin & Kotler, P.A., Boca Raton, for appellee.
KLEIN, Judge.
Michael C. Meisler appeals an order awarding attorney's fees and costs against him, as counsel, as a sanction for filing a motion in bad faith. He argues that because there is no specific rule or statute authorizing an award of attorney's fees for filing such a motion, we must reverse. We conclude that the trial court had the inherent power to do so.
In a modification proceeding in which he represented the former husband, Meisler filed a motion to disqualify opposing counsel on the ground that he had perpetrated a fraud on the court on two prior occasions. At Meisler's request, based on the motion, the court stayed further proceedings until after it conducted an evidentiary hearing on the motion to disqualify. After hearing the evidence the trial court found that the motion had no factual basis, was filed solely to delay the proceedings, and was a sham. The court assessed attorney's fees of $1,870 and costs.
Meisler appears to be correct in his arguments that there is no specific statute or rule of civil procedure which authorizes attorney's fees to be assessed against him as a sanction for filing this motion.
Section 57.105, Florida Statutes (1993) authorizes the award of attorney's fees where there is "a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party," but does not authorize attorney's fees for filing a frivolous motion where the underlying action or defense is not frivolous. Muckenfuss v. Deltona Corp., 508 So.2d 340 (Fla. 1987).
Nor does Florida Rule of Civil Procedure 1.150, which provides for the striking of sham pleadings, contain any language authorizing the award of attorney's fees. See Kirby v. Adkins, 582 So.2d 1209 (Fla. 5th DCA 1991); Muckenfuss. There is also authority that a motion is not a pleading within the meaning of rule 1.150. Motzer v. Tanner, 561 So.2d 1336 (Fla. 5th DCA 1990). Florida Rule of Civil Procedure 1.380(a)(4), which does authorize the sanction of attorney's fees and costs, is limited to discovery abuse and is thus inapplicable.
Florida Rule of Judicial Administration 2.060 provides that a signature of an attorney *1047 constitutes a certificate that there is "good ground to support" a pleading or other paper; however, the only remedy provided in that rule is striking the pleading or paper.[1]
The fact that no statute or rule authorizes the imposition of attorney's fees against counsel for litigating in bad faith, however, does not preclude courts from doing so under the "inherent power possessed by the courts." Sanchez v. Sanchez, 435 So.2d 347, 350 (Fla. 3d DCA 1983). See also Emerson Realty Group, Inc. v. Schanze, 572 So.2d 942 (Fla. 5th DCA 1990). Other jurisdictions in which the courts have concluded that they have the inherent power to assess attorney's fees for litigating in bad faith are collected in Attorney's Liability Under State Law for Opposing Party's Counsel Fees, 56 A.L.R.4th 486 (1987).
On the other hand, in Israel v. Lee, 470 So.2d 861 (Fla. 2d DCA 1985), the trial court assessed attorney's fees against counsel for refusing to comply with court orders and a subpoena, and the second district reversed, holding that in the absence of a contractual provision or a statute there was no authority to assess attorney's fees against counsel. The court did not discuss the issue of whether counsel was acting in bad faith or if the court had the inherent power to assess fees.
Although Federal Rule of Civil Procedure 11 gives broader power to the federal courts to assess attorney's fees as a sanction against counsel than is provided in the Florida Rules of Civil Procedure, the Supreme Court has held that federal courts also have the inherent power, apart from the authority contained in rules or statutes, to assess attorney's fees against counsel who litigate in bad faith. Roadway Exp., Inc. v. Piper, 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). Roadway was followed by Chambers v. NASCO, Inc., 501 U.S. 32, 50, 111 S.Ct. 2123, 2136, 115 L.Ed.2d 27 (1991), in which the court explained:
A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees . .. Furthermore, when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power. (Citations omitted).
Chambers extended Roadway, which involved sanctioning counsel, to sanctioning litigants who are in bad faith, an issue which was not involved, but was the subject of dicta in Roadway. Id. at 765-67, 100 S.Ct. at 2464. This court declined to adopt the Roadway dicta in regard to a litigant in Department of Revenue of State v. Arga, 420 So.2d 323 (Fla. 4th DCA 1982). In Arga the trial court had assessed attorney's fees against the Florida Department of Revenue for litigating in bad faith on the authority of Roadway. We noted in our reversal that the prevailing party was not asserting that it was entitled to fees under section 57.105, Florida Statutes, and that there was a difference between bad faith and the 57.105 standard.
Whether attorney's fees can be assessed against a litigant is not in issue in the present case, and accordingly our reliance on Roadway and the quotation in Chambers is solely as authority for sanctioning counsel. Chambers has been cited by the third district as authority for assessing fees against a litigant, in Sheldon Greene and Associates, Inc. v. Williams Island Associates, Ltd., 592 So.2d 307 (Fla. 3d DCA 1991).
We agree with Sanchez, Emerson, and Roadway that courts have the inherent power to assess attorney's fees against counsel for litigating in bad faith. We therefore affirm the order awarding attorney's fees and costs against Meisler. We reverse that portion of the order which makes Meisler's professional association also liable, because the court made no finding of bad faith in regard to the professional association. Cf. *1048 Brignoli v. Balch Hardy & Scheinman, Inc., 735 F. Supp. 100 (S.D.N.Y. 1990).
POLEN and PARIENTE, JJ., concur.
NOTES
[1] Appellate courts, by virtue of Florida Rule of Appellate Procedure 9.410, do have rule authority to impose sanctions against counsel, which include attorney's fees, for "the filing of any proceeding, motion, brief, or other paper that is frivolous or in bad faith."