On Rehearing Granted

COPE, Judge.
We grant the motion for rehearing, withdraw the court’s previously issued opinion, and substitute the following opinion:
Sheri Smallwood, counsel for the husband in an action for dissolution of marriage, appeals an order assessing $14,000 in attorney’s fees against her personally. We reverse.
I.
In 1994, appellee Michelle M. Perez filed an action for dissolution of marriage *491 against her husband, Corey A. Perez. The wife works as a legal secretary in the law office of Horan & Horan, in Key West. The wife was represented by David Paul Horan in the dissolution action.
This was a five-year marriage during which the parties had two children. The parties have modest incomes and few assets. . Most of the issues had been resolved by the parties themselves, with the exception of the amount of child support to be paid by the husband, the wife’s claim for temporary alimony, and who would bear responsibility for the payments on the wife’s car. The wife dropped the latter two claims during the litigation. By the conclusion of the case, the only disputed issue was the husband’s income level for purposes of the child support guidelines. This boiled down to a dispute over how much income should be attributed to him from an irregular' part-time job which he worked in addition to his full-time employment.
From an early point in the litigation, Mr. Horan pressed Ms. Smallwood for simplification of the case and prompt resolution, pointing out that the parties had limited funds and could not afford litigation. The original trial judge, Judge Taylor, echoed those sentiments.
The case proceeded to final hearing at which the unresolved issues were the child support to be paid by the husband, and the wife’s claim for attorney’s fees. The court resolved the child support issue and, after considering the history of the case as well as the relative incomes of the parties,[1] awarded the wife $5,000 as a partial reimbursement of her attorney’s fees and costs.[2]
The husband took an appeal, in which he was represented by independent appellate counsel Deborah Marks. The appeal was affirmed without opinion. See Perez v. Perez, 676 So.2d 426 (Fla. 3d DCA 1996).
One week after this court’s affirmance, the wife filed a motion for sanctions in which she sought an award of attorney’s fees against Ms. Smallwood as trial counsel and Ms. Marks as appellate counsel. The wife contended that most, of the trial and appellate litigation on behalf of the husband was baseless, and that the court should exercise its inherent power to as sess attorney’s fees as sanctions against the husband’s counsel individually.
A successor judge conducted an eviden-tiary hearing and exonerated Ms. Marks, the appellate attorney. The court found the wife’s claim against Ms. Smallwood to be well-founded, and assessed $14,000 in attorney’s fees against her individually. Ms. Smallwood has appealed.
II.
We first note that the trial court was without jurisdiction to entertain the wife’s motion for appellate attorney’s fees. As explained by Judge Padovano:
Rule 9.400(b) outlines the procedural requirements for obtaining an award of attorneys’ fees for legal representation in an appellate proceeding. The rule provides, in essence, that a motion for attorneys’ fees must be filed in the appellate-court, and that it must be served within the time for service of the reply brief. The appellate court will ordinarily consider a motion for attorneys’ fees when it reviews the merits of the case and, in most cases, the court will dispose of the motion at the time the case is decided. If attorneys’ fees are awarded, the appellate court will remand the case to the lower tribunal for a determination of the proper amount.
Philip J. Padovano, Florida Appellate Practice § 20.2, at 351 (2d ed.1997); see *492 also Fla. R.App. P. 9.400(b).[3]
It is, of course, true that under the matrimonial statute, “[t]he trial court shall have continuing jurisdiction to make temporary attorney’s fees and costs awards reasonably necessary to prosecute or defend an appeal on the same basis and criteria as though the matter were pending before it at the trial level.” § 61.16(1), Fla. Stat. (1997) (emphasis added); see Fla. R.App. P. 9.600(c)(1); Amendments to Florida Rules of Appellate Procedure, 657 So.2d 897, 898 (Fla.1995); Swartz v. Swartz, 691 So.2d 2 (Fla. 3d DCA 1996); Padovano, supra, § 20.6, at 362.
The wife’s motion for sanctions sought attorney’s fees for the just-concluded appeal, not temporary attorney’s fees. That being so, the trial court was without jurisdiction to consider it, and should not have reached the merits of the appellate attorney’s fees claim. The error was harmless, however, for the trial court reached the correct result in denying appellate attorney’s fees. See Select Builders of Florida Inc. v. Wong, 367 So.2d 1089, 1091 (Fla. 3d DCA 1979).
III.
Ms. Smallwood challenges the attorney’s fee award entered against her. We conclude that the former wife’s motion was proeedurally barred and reverse the award.
Courts have the inherent power to assess attorney’s fees against counsel for litigating in bad faith. See Patsy v. Patsy, 666 So.2d 1045, 1047 (Fla. 4th DCA 1996); Sanchez v. Sanchez, 435 So.2d 347, 350 (Fla. 3d DCA 1983); see also Roadway Express, Inc., v. Piper, 447 U.S. 752, 764-67, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). See generally Alan Stephens, Annotation, Attorney’s liability under state law for opposing party’s counsel fees, 56 A.L.R.4th 486 (1987); Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Ins. Co., 639 So.2d 606, 608-09 (Fla.1994) (discussing trial court’s inherent powers). “A court must, of course, exercise caution in invoking its inherent power, and it must comply with the mandates of due process, both in determining that the requisite bad faith exists and in assessing fees.... ” Chambers v. NASCO, Inc., 501 U.S. 32, 50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (citation omitted); see also Patsy, 666 So.2d at 1047.
Ms. Smallwood contends, and we agree, that the motion for sanctions in this case was untimely. The wife in her petition for dissolution of marriage requested attorney’s fees, see § 61.16, Fla. Stat., and the trial court ruled on the claim for attorney’s fees in the final judgment. The Florida Supreme Court has outlined the factors to be considered in making an attorney’s fee award under section 61.16:
Under this scheme, the financial resources of the parties are the primary factor to be considered. However, other relevant circumstances to be considered include factors such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation.
Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997) (emphasis added).
Under Rosen, the respective financial positions of the parties are the main consideration in determining an attorney’s fee award. However, Rosen clearly mandates that the court consider all other relevant circumstances, including the entire history of the litigation, the merit (or lack of merit) in the party’s respective positions, and whether the litigation was pursued for an *493 improper purpose, such as to harass, frustrate, or stall. See id.
In the present case, the original final judgment shows that the trial court considered these factors. The first four pages of the final judgment reviewed the pleadings in this case, in terms which were critical of the number and length of the husband’s pleadings and discovery requests, inconsistency in the presentation of the husband’s income information, and the husband’s repeated motions for disqualification.
After this litany, the judgment next states, “At the conclusion of the June 21, 1995 final hearing, the attorneys for both 'parties stipulated on the record that a ‘proper amount’ of attorney’s fees to be assessed (in favor of the Husband or the Wife) %uould be $5,000.00.” (Emphasis added). The court then awarded the wife $5,000 in fees as follows:
15. The Court having reviewed the pleadings filed by the parties, and having considered the relative income of the parties and having considered the fact that the temporary (statutory) child support set by Judge Taylor on September 14, 1994 is nearly identical to the final amount set in this order, the Court hereby orders the Respondent/Husband to pay the Petitioner/Wife the sum of $5,000.00 as a partial reimbursement of the attorney’s fees and costs she has incurred in these proceedings.
In the wife’s post-appeal motion for sanctions, the wife travels the identical ground. She raises again the very same complaints she made at the final hearing in the dissolution proceeding.[4]
Efficiency requires one attorney’s-fee proceeding, not two. Where a litigant has a viable basis to invoke the inherent power of the court to assess attorney’s fees against opposing counsel for bad faith litigation in a matrimonial case, the motion must be made and considered in conjunction with any attorney’s fee request under section 61.16. To hold otherwise would allow successive attorney’s fee motions in which the trial court must first visit, and then revisit, the history and merits of the case. Cf. Bass v. State Farm Life Ins. Co., 649 So.2d 924, 926 (Fla. 3d DCA 1995) (denying post-appeal “motion for trial court attorney’s fees, which was filed approximately twenty-two months after final judgment was entered, was based on a theory which was not addressed in Bass’ previous motion, but could and should have been”).
It also makes sense to consider this type of motion for sanctions in the original proceeding for dissolution of marriage. As the Florida Supreme Court has explained, “attorney’s fees in dissolution proceedings are intended to equalize the relative positions of the parties and are part of the ‘property’ to be distributed in the final decree.” Finkelstein v. North Broward Hosp. Dist., 484 So.2d 1241, 1243 (Fla.1986). In the (rare) case where a fee award legitimately should be assessed against counsel in the exercise of the court’s inherent power, the fee is intended to compensate the aggrieved party for attorney time unnecessarily expended. It follows that such an award should be considered in the context of the remaining awards made in the matrimonial action.
It is true that in other contexts it has been held that a motion for attorney’s fees as a sanction is a collateral matter which may be filed after judgment. In Amlan, Inc. v. Detroit Diesel Corp., 651 So.2d 701 (Fla. 4th DCA 1995), it was held that a motion for attorney’s fees for pretrial discovery abuse may be filed afterward. See id. at 704. The Amlan opinion recognized, however, that the analysis would be otherwise in a matrimonial case. See id.
*494 In the context of a motion for attorney’s fees under section 57.105, it has been held that the motion need not be made until after final judgment. See Ganz v. HZJ, Inc., 605 So.2d 871, 872 (Fla.1992). That is so because only after the case has ended can the prevailing litigant make a sensible judgment “ ‘as to whether the adverse party raised nothing but frivolous issues in the cause....’” Id. (citation omitted). That analysis does not apply here, for in the present case, like Patsy, section 57.105 attorney’s fees were not available because justiciable issues were raised by both parties. See 666 So.2d at 1046. The facts on which the bad faith claim was based were evident in the course of the litigation, and could and should have been presented to the trial court together with the wife’s claim for attorney’s fees under section 61.16. We need not reach the other arguments on appeal.
In sum, we conclude that the former wife could not make successive motions for trial-level attorney’s fees. She first obtained an award of trial-level fees from the former husband. Much later, she filed a motion for more fees for the same trial-level work against the former husband’s counsel. Both requests should have been made contemporaneously and heard together. As the second motion was imper-missibly successive, the order awarding fees against the former husband’s trial counsel is reversed.
Reversed.
GODERICH, J., concurs.

. The court found the wife’s gross monthly income to be $1,472 and the husband’s gross monthly income to be $3,234.

. The wife was awarded an additional $1,000 in post-judgment proceedings not pertinent here.

. By contrast, costs are "taxed by the lower tribunal on motion served within 30 days after issuance of the mandate." Fla. R.App. P. 9.400(a); see Philip J. Padovano, supra, §§ 20.2, 20.4.

. Ms. Smallwood argued in the trial court that the motion for sanctions only requested appellate attorney fees and did not request attorney fees for earlier trial work (a substantial contention which we need not resolve), but that in any event, attorney's fees for trial work had already been assessed and paid in the original matrimonial proceeding.