PER CURIAM.
In an opinion filed on June 12, 2000, this court dismissed Appellants’ appeal as it related to the lower court orders granting summary judgment and denying Appellants’ motion for rehearing. Then, on July 28, 2000, this court denied Appellants’ motion for rehearing of that decision. However, Appellants also sought review of the orders granting Appellee costs and partial attorney’s fees. We affirm the order on costs without discussion[1] and affirm the order on attorney’s fees for the reasons expressed below.
The trial court, pursuant to section 57.105, Florida Statutes (1997),[2] awarded Appellee $2,493.00 for post-judgment attorney’s fees accrued between July 14, 1999, and February 4, 2000, in defense of Appellants’ frivolous and untenable motion for rehearing. Under the statute, attorney’s fees were generally not available to parties who prevailed on a motion in an otherwise non-frivolous case. See Patsy v. Patsy, 666 So.2d 1045 (Fla. 4th DCA 1996) (finding that section 57.105 did not allow a party to recover fees for defense of motion to disqualify opposing counsel). However, in Avemco Insurance Co. v. Tobin, 711 So.2d 128 (Fla. 4th DCA 1998), the same court declined to apply the rule in Patsy to a case in which an attorney had raised a frivolous defense in a collateral proceeding. “His defense to the order was frivolous in its entirety, rather than in merely filing a single frivolous motion as part of an otherwise overall nonfrivolous [sic] defense.” Avemco, 711 So.2d at 131.
In this case, the litigation had ended, and Appellants pursued an untimely and untenable motion for rehearing. This was collateral to the non-frivolous complaint and litigation, and the trial court acted within its authority to award Appellee attorney’s fees under section 57.105(1), Florida Statutes (1997). As for the issue of whether the trial court awarded the proper amount of attorney’s fees or should have limited the fees to those that went solely to the defense of the untimely motion for rehearing (as opposed to fees accrued in support of Appellee’s motions for fees and costs), this court is unable to find that the trial court erred because there is no transcript from the hearing on the fees. See Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979).
Accordingly, we AFFIRM both the award of costs and post-judgment attorney’s fees.
BOOTH, MINER and KAHN, JJ., concur.

. See sec. 57.041(1), Fla.Stat. (1999).

. The new version of section 57.105 did not take effect until October 1, 1999, which was after Appellee first initiated its motion for fees and Appellants began pursuit of their frivolous motion for rehearing.