816 So.2d 842 (2002)
The NORTH COUNTY COMPANY, INC., Appellant/Cross-Appellee,
v.
Marian BOLOGNA, Appellee/Cross-Appellant.
No. 4D00-633.
District Court of Appeal of Florida, Fourth District.
May 29, 2002.
Martha S. Eskuchen, Juno Beach, for appellant/cross-appellee.
Lisa S. Small of Small & Small, P.A., Jupiter, for appellee/cross-appellant.

ON MOTION FOR REHEARING, REHEARING EN BANC, AND/OR CERTIFICATION
OWEN, WILLIAM C., JR., Senior Judge.
Appellee has filed motions for rehearing, rehearing en banc, and/or certification. We grant the motion for rehearing in order to correct our original opinion filed February 20, 2002. We withdraw the prior opinion and substitute the following in lieu thereof. We deny the motions for rehearing en banc and/or for certification.
*843 This suit, initially filed by appellant as a claim for damages, soon expanded by counter-claim into a full blown class action. In the course of the proceedings, the trial court found that appellant, as counter-defendant, had abused the class action notification and "opt-out" process. For that conduct, the trial court imposed several sanctions against appellant, one of which was an award of attorney's fees. The propriety of the attorney's fee award, subsequently reduced to judgment, is the sole issue on both this appeal and the cross-appeal.
Appellant was the developer of a recreational vehicle condominium park consisting of approximately 246 lots. A provision in the condominium documents reserved to the developer the exclusive right of rental of a lot if the owner was not then using it and wished to rent it to another, the gross rent received to be shared 50/50 between the developer and the lot owner. Appellant perceived that one of the lot owners, appellee herein, had rented some of her lots in violation of this rent sharing provision and sued her for damages.
Appellee counter-claimed, challenging the validity of the rent sharing provision and seeking class action status for herself and as Class Representative on behalf of other similarly affected lot owners. The court entered an order certifying the class and approving a form for notification to members of the class. The notification form, copy of which was furnished to each of the lot owners, explained the procedure to opt-out of the class; it also cautioned that any class members who did not elect to opt-out would be responsible for a proportionate share of expenses of the litigation other than expenses relative to the Class Representative's individual claim. Nothing in the court's order prohibited either the Class Representative or the appellant from contacting class members in regard to their respective responses to the notification; to the contrary, the court gave verbal approval for either party to contact the class members, independently of the official notification process, for the purpose of explaining the status of the case and the opt-out procedure. Within the time period provided by the notification, the majority of the members of the class gave notice of intent to opt-out of the class action.[1]
Appellee, concerned by this negative response to the notification, interviewed a number of the lot owners who had elected to opt-out. That inquiry disclosed evidence that appellant, through its principal, had contacted many of the class members and, in urging them to opt-out, had described with some hyperbole the dire consequences that likely would befall any who remained in the class.[2]
Armed with that information, appellee sought an order striking the class action responses and granting other relief on the basis that the notification process had been tainted by appellant's misconduct. Following an evidentiary hearing on that motion, the court entered an order dated June 18, 1998, finding that appellant had interfered with, tainted, and prejudiced the class action notification and "opt-out" process by improperly contacting, threatening and intimidating class members, causing them to *844 fear that by remaining in the class they would be exposed to liability for attorney's fees and costs. The court's order (1) granted the motion to strike the responses to the prior notification; (2) required a new notification process at appellant's expense; (3) determined that appellee was entitled to an award of costs and attorney's fees incurred due to appellant's improper actions and conduct; and (4) prohibited appellant from contacting the members of the class except through its attorneys. Pursuant to the June 18 order, a hearing on attorney's fees and costs resulted in the judgment here appealed.
The appellant's sole issue is that the court improperly assessed attorney's fees against it as a sanction for its conduct.[3] The award of attorney's fees was not based on any statute, rule of procedure, or contract, nor upon any finding by the trial court that the appellant violated, willfully or otherwise, any court order. Rather, the trial court, in awarding attorney's fees, acted under its inherent power as recognized by the case of Bitterman v. Bitterman, 714 So.2d 356, 365 (Fla.1998).[4] In that case, the supreme court approved an award of attorney's fees against a party based on the inequitable conduct doctrine. In amplifying, the court explained that the inequitable conduct doctrine permits the award of attorney's fees where one party has exhibited egregious conduct or acted in bad faith. The supreme court cautioned, however, that the doctrine was applicable only in very limited circumstances:
We note that this doctrine is rarely applicable. It is reserved for those extreme cases where a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons."
Id. at 365.
In this court's recent decision and opinion in T/F Systems, Inc. v. Malt, 814 So.2d (Fla. 4th DCA 2002), we held that the procedures a trial court must follow when exercising its inherent power to impose attorney's fees against a party for bad faith conduct are the same as those prescribed by the supreme court in its revised opinion in Moakley v. Smallwood, 27 Fla. L. Weekly S357, ___ So.2d ___, 2002 WL 276466 (Fla. Feb. 28, 2002)(prescribing the procedures the trial court must follow when imposing attorney's fees against an attorney for bad faith conduct). Here, the trial court did not make an express finding of bad faith conduct on the part of appellant, nor were the trial court's factual findings of misconduct detailed with the high degree of specificity required by Moakley. Such findings are a necessary precedent to any sanction of attorney's fees awarded under the trial court's inherent power. Accordingly, in the absence thereof, the award of attorney's fees must be reversed.
At the time the trial court held hearings on the appellee's motion for attorney's fees, the procedure described above had not been established. This is particularly true concerning the necessity for an express finding of bad faith and the specific detailed factual findings supporting it. Because our reversal of the award of attorney's fees is based upon the absence of such findings, upon remand, the trial court may, in its discretion, re-visit appellee's motion for attorney's fees, including such additional hearings as it deems appropriate.
*845 Appellee's cross-appeal asserts that the trial court abused its discretion in awarding fees in a lesser amount that the evidence justified. Because we have reversed the award of attorney's fees, that issue is moot.
That portion of the judgment on appeal which awards attorney's fees to appellee is vacated. The cause is remanded for further proceedings not inconsistent herewith.
TAYLOR, J., and DELL, JOHN W., Senior Judge, concur.
NOTES
[1] The developer and its principal together owned 48 of the lots. Of the remaining 198 lots, the owners of all except 81 elected to opt-out.
[2] Some of the statements made by appellant's principal to various lot owners were (1) that lot owners who remained in the class would be responsible for several thousand dollars each for attorney's fees, and (2) any that had rented their units in the past and not shared the rental with the developer would be sued for damages if they did not opt-out.
[3] Appellant does not complain of any sanctions imposed other than the award of attorney's fees.
[4] Bitterman effectively overrules this court's opinion in Department of Revenue of State v. Arga Co., 420 So.2d 323 (Fla. 4th DCA 1982), upon which appellant had relied.