823 So.2d 817 (2002)
FREEDOM COMMERCE CENTRE VENTURE, The Dove Group, EECJV, Inc., Jacksonville Evergreen Investments, Inc., and The Dove Partners, Inc., Appellants,
v.
Arthur J. RANSON, III, Freedom Centre Group, Inc., The Hartford Company of the Southeast, and R. Ellis Godshall, Appellees.
No. 1D01-903.
District Court of Appeal of Florida, First District.
July 19, 2002.
*818 Tracy S. Carlin, John A. Tucker, and John S. Mills of Foley & Lardner, Jacksonville, for Appellants.
William G. Cooper of Cooper, Ridge & Beale, Jacksonville, attorney for Arthur J. Ranson, III.
KAHN, J.
In the order on appeal, the circuit court denied appellants an award of section 57.105, Florida Statutes (2000)[1] attorney's fees. Appellants contend not only that they were entitled to the award of fees before the trial court, but that they are also now entitled to an award of appellate attorney's fees. We agree with appellants on both counts.
*819 This matter arises from extensive and extended litigation. Appellee Freedom Centre Group, Inc. (FCG) was the plaintiff in the underlying action in the trial court and was represented by Appellee Arthur J. Ranson, III. Appellants, who will be collectively referred to as the "Dove Defendants," owned a 600-acre parcel of undeveloped real estate in Jacksonville. Appellees sought an order of specific performance that would have required the Dove Defendants to convey the property in question to FCG and its allied interests. The trial court entered judgment in favor of the Dove Defendants and this court affirmed per curiam. See Freedom Ctr. Group, Inc. v. Freedom Commerce Ctr. Venture, 741 So.2d 500 (Fla. 1st DCA 1999)(table decision).
Three hundred sixty-five days after the circuit court entered its judgment denying specific performance, and three months after this court's affirmance, FCG filed a Florida Rule of Civil Procedure 1.540(b)(3) motion seeking relief from judgment.[2] At the same time, FCG moved to disqualify the Dove Defendants' attorneys from further proceedings. Several months later, FCG amended its motion to disqualify counsel, repeating the major allegations of the original motion but including no additional material allegations.
Attorney Ranson signed all three of the post-judgment motions. These motions were predicated upon three grounds, all involving the Dove Defendants' law firm, Foley and Lardner. First, FCG alleged a conflict of interest because Foley and Lardner had previously represented R. Ellis Godshall, an investor in FCG, and an appellee in this case. Second, FCG alleged a similar conflict because Foley and Lardner had previously represented Barbara Parker, an investor in a partnership alleged by FCG to have been a predecessor to FCG. Third, FCG alleged that a Foley and Lardner lawyer had asked a real estate expert to write a letter to the circuit judge concerning the value of the property at issue in the underlying case. FCG contended that the lawyer was guilty of misconduct by allegedly asking an expert witness to have an ex parte communication with the trial judge.
After discovery on FCG's post-judgment motions, the Dove Defendants moved for summary judgment and also asked for an award of attorney's fees pursuant to section 57.105, Florida Statutes. The trial court denied all of FCG's post-judgment motions and granted the Dove Defendants' motion for summary judgment and motion for section 57.105 attorney's fees. The trial court summarily denied the allegation concerning ex parte communications because counsel for FCG conceded that no such communication occurred.
In its denial of FCG's post-judgment motions, the trial court specifically found no basis in fact for either of the claimed conflicts of interest and noted that both Mr. Godshall and Mrs. Parker had expressly consented to Foley and Lardner's representation of the Dove Defendants in this case. The court further found that regardless of the alleged conflicts and the waiver, FCG had no standing to assert the purported conflicts because in doing so, FCG was "acting as an unauthorized surrogate [of Mr. Godshall and Mrs. Parker] and attempting to subvert the disqualification rules by using them as [a] procedural weapon." As the court stated:
The evidence is undisputed that Foley and Lardner never directly represented either FCG or Freedom Commerce Centre Partners, Ltd. It did represent Mrs. *820 Parker in her individual capacity. While Freedom Commerce Centre Partners, Ltd. did agree to reimburse Mrs. Parker for her legal expenses in conducting a due diligence analysis, such agreement did not create an attorney-client relationship between it and Foley and Lardner. The first requirement to disqualify an opposing law firm on the basis of conflict of interest is to establish that an attorney-client relationship existed. Not only did such a relationship not exist in this case, but Mrs. Parker indicated in a deposition that she would have no objection to Foley and Lardner's representation of the Dove Group defendants in this case.
(citation omitted). The trial court also found that FCG was aware of the prior representations throughout these extended proceedings but did not raise the issue until the last possible moment, after all defenses on the merits had been rejected:
Despite this plain knowledge of Foley & Lardner's prior representations, FCG electedfor whatever reasonnot to object to Foley & Lardner's representation at any point during the prior proceedings, including the appeal. Indeed, FCG filed FCG's [Post-Judgment] Motions only after all of its other arguments and appeals had failed, and literally on the 365th day after this Court had entered a final judgment against it. Having elected not to raise these issues before or during the trial, or even in the appellate Court, but instead waiting until the 365th day after entry of the Final Judgment, FCG has waived any purported right to object or, in the alternative, has unreasonably delayed in filing such motions.
(footnote omitted). Finally, the trial court granted the Dove Defendant's motion for section 57.105 attorney's fees and reserved jurisdiction to determine the amount.
Attorney Ranson then filed a "Motion to Determine Entitlement," arguing that section 57.105 would not support an award of attorney's fees against him because the statute applied only to frivolous claims and pleadings and not to what he termed "motion practice." He further argued that the pre-October 1, 1999, version of section 57.105 applied because he signed and filed the original post-judgment motions two days before the effective date of the amendment to the statute, and because, in his view, the amended motion to disqualify counsel should relate back to the original filings.
After review of this motion, and a memorandum filed by the Dove Defendants, the trial court ruled that the amended statute, section 57.105, Florida Statutes (2000), governed, but did not apply to, post-judgment motions and, therefore, section 57.105 attorney's fees could not be awarded. The court noted its inherent authority to sanction Attorney Ranson for "bad faith litigation practices."
Because the trial court ruled as a matter of law that section 57.105, Florida Statutes (2000), would not allow fees for post-trial motions seeking to set aside a judgment, we review this matter as a pure question of law subject to de novo review. See Dixon v. City of Jacksonville, 774 So.2d 763 (Fla. 1st DCA 2000). The order denying fees must be reversed because the statute, as construed by this court, will allow section 57.105 fees in this instance.
Much of the argument below focused on whether the pre-October 1, 1999, or the later version of section 57.105 would apply to this case. FCG preferred application of the earlier version due to its belief that the earlier version could not apply to motion practice. See § 57.105(1), Fla. Stat. (1997) ("The court shall award a reasonable attorney's fee to be paid to the *821 prevailing party in equal amounts by the losing party and the losing party's attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party...."). Under FCG's view, the statute would not apply to a frivolous motion filed during an otherwise meritorious case. See Patsy v. Patsy, 666 So.2d 1045 (Fla. 4th DCA 1996) (finding that section 57.105 did not allow a party to recover fees for defense of a motion to disqualify opposing counsel). On January 17, 2001, however, the very day after the hearing below on FCG's post-judgment motions, this court decided Preyer v. Aries Insurance Co., 774 So.2d 958 (Fla. 1st DCA 2001). In Preyer, this court affirmed an award of attorney's fees under the pre-October 1, 1999, version of section 57.105 where the losing party filed a frivolous post-judgment motion: "In this case, the litigation had ended, and Appellants pursued an untimely and untenable motion for rehearing. This was collateral to the nonfrivolous complaint and litigation, and the trial court acted within its authority to award Appellee attorney's fees under section 57.105(1), Florida Statutes (1997)." Preyer, 774 So.2d at 959.
In their answer brief, appellees have conceded that the Preyer decision mandates a reversal. They apparently recognize that even though the trial court applied the version of the statute as amended in 1999, the amended version is broader than the earlier version, and, because fees would be available under the earlier version, fees would certainly be awarded under the amended version. See, e.g., Vasquez v. Provincial S., Inc., 795 So.2d 216, 218 (Fla. 4th DCA 2001) ("[T]he legislature's 1999 amendment to section 57.105 expanded the availability of fees and costs."). Accordingly, Ranson does not actually contest the Dove Defendants' prima facie showing of entitlement to attorney's fees. Instead, he argues that the case should be remanded for the trial court to apply the provision of section 57.105(1), Florida Statutes (2000), providing: "[T]he losing party's attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts." Also, the appellees argue that appellate attorney's fees are not available in this proceeding.
We agree with the confession of error and find that the rationale of Preyer controls the decision concerning availability of attorney's fees. Preyer involved a motion for rehearing, which this court characterized as "collateral to the non-frivolous complaint and litigation...." 774 So.2d at 959. The present case involves matters even more properly characterized as collaterala Civil Rule 1.540(b)(3) motion for relief and a post-judgment motion to disqualify counsel. Accordingly, the trial court's initial ruling that allowed attorney's fees was correct, and the subsequent ruling, finding that fees were not available for motion practice, must be vacated.
We also find that, except for a determination of the proper amount of fees, no remand is necessary. As noted above, the statute allows an attorney who is assessed fees to avoid personal responsibility where he or she has acted in good faith, based on the representations of his or her client, as to the existence of certain material facts. This exception could not apply in the present case because the material facts involving Foley and Lardner's prior representation of Godshall and Parker are basically true, although as to Godshall, Foley and Lardner only represented a group of investors in forming a corporation unrelated to FCG. The problem for Attorney Ranson is the legal effect of these facts. *822 As the trial court found, before and during trial, the appellees, including Ranson, knew about Foley and Lardner's previous representation but chose not to raise the issue until one year after the final judgment. Moreover, the record demonstrates that Ranson was aware that Parker and Godshall had waived any possible conflict early on in the proceedings.[3] Accordingly, because it is the attorney's tactical and improper use of the facts, rather than his good-faith reliance on the facts as represented by his clients, that is at issue, the statutory good-faith defense is not available.
We also grant the Dove Defendants' motion for appellate attorney's fees. This court's Preyer decision issued on January 17, 2001, one week after attorney Ranson sought to avoid an assessment of section 57.105 attorney's fees, and six days before the circuit judge entered the order allowing him to avoid such fees. Nevertheless, the Dove Defendants had to prosecute this appeal, which appellees have defended to the present date. Appellees filed the answer brief over a year after the Preyer decision, and although conceding that Preyer allows an assessment of fees based upon collateral motion practice, they insist on the right to have a hearing on the good-faith defense that we have determined to be non-existent in the present case.
Attorney's fees can be granted for an appeal made necessary by frivolous claims brought before the trial court. In Forum v. Boca Burger, the court interpreted amended section 57.105 as permitting the award of attorney's fees for appeals made necessary by baseless arguments made before the trial court, where the party asserting such arguments "persisted in trying to uphold [a] patently erroneous decision." 788 So.2d 1055, 1063 (Fla. 4th DCA 2001), rev. granted Boca Burger v. Forum, 817 So.2d 844 (Fla.2002). In light of the Preyer decision, this appeal was completely unnecessary had appellees merely recognized the correct state of the law and brought it to the trial court's attention. In that event, Ranson would have been free to argue his entitlement to assert the good-faith defense, and the matter could have been resolved much more expeditiously than the eighteen months that have transpired during the course of this appeal. Accordingly, we grant appellant's motion for appellate attorney's fees and direct the trial court to assess a reasonable appellate fee to be included in the overall fee assessed by the trial court on remand.
REVERSED and REMANDED with directions.
ALLEN, C.J., and ERVIN, J., concur.
NOTES
[1] (1) Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before that:

(a) Was not supported by the material facts necessary to establish the claim or defense; or
(b) Would not be supported by the application of then-existing law to those material facts.
However, the losing party's attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client as to the existence of those material facts. If the court awards attorney's fees to a claimant pursuant to this subsection, the court shall also award prejudgment interest.
[2] Such a motion must be filed within one year from the final judgment. See Fla. R. Civ. P. 1.540(b) ("The motion shall be made ... not more than 1 year after the judgment,....").
[3] The trial court noted that "Godshall's counsel stated at the hearing on this matter that Mr. Godshall [did not] join in FCG's Motions because, among other things, no good faith basis exists to bring the motions based upon the underlying facts."